### KIMBALL and others *against* HUTCHINS.

*October* 27.

A voluntary and fraudulent conveyance is void, as against a subsequent purchaser, for a valuable consideration and *bona fide*, pursuant to the statute of the 27 *Eliz. c.* 4., which, though not adopted by the legislature of this state, is in affirmance of the common law.

Where a voluntary and fraudulent mortgage deed, purporting to secure the sum of 2000 dollars, was executed by the grantor, and offered to the grantee, who refused to accept it; evidence that the grantee afterwards delivered to the grantor, notes against third persons, to the amount of 1500 dollars, and then took the deed, was held to be inadmissible, for the purpose of validating that deed.

THIS was an action of ejectment, tried, on the general issue, at *Windham, January* term, 1820, before *Brainard*, J.

The plaintiffs claimed title as heirs of their father, *Asa Kimball*, deceased. In support of his title, they offered in evidence, a deed of the land in question, from *Joseph Weeks* to him, dated *December* 11th, 1815 ; to which was annexed the following condition : " The condition of this deed is such, that whereas I am indebted to said *Kimball*, by note of even date with these presents, in the sum of 2000 dollars, payable in two years from date, with interest ; if I shall pay said note according to its tenor, this deed is to be void ; otherwise, to be and remain in full force." In connexion with this deed, they offered the testimony of *Abraham Tillotson*, one of the subscribing witnesses, who testified, that *Weeks* executed the deed and the note therein mentioned, without the knowledge of *Kimball*, the grantee, for the purpose, as he then declared, of preventing the property therein described, from being attached by his, *Weeks's*, creditors ; that the witness accompanied *Weeks* from *Pomfret*, where the deed was executed, to the dwelling-house of the grantee in *Windham*, and after *Weeks* had procured the deed to be recorded, he requested the grantee to accept the deed and note ; but he refused to accept either. The plaintiffs also offered the testimony of *David Griggs*, who testified, that on the 23rd of *February*, 1816, *Weeks* and *Kimball* came together, when the former presented to the latter the following paper : " Mr. *Asa Kimball*—Sir, If you will pay to *Joseph Weeks* 1500 dollars, I will release my law-suit on the property that *Joseph Weeks* mortgaged to

you, the other day, and which is the same property, called *The Dodge Property*, that Mr. *Weeks* mortgaged to me in the year 1815, for 2000 dollars ; and in so doing, your title shall be good as to any law-suit I have on it.   *Hampton, February* 19th, 1816.  [Signed.]   *Samuel Moseley.*"  That *Kimball* then delivered to *Weeks* sundry promissory notes against S. *Ashley* and others, amounting to the sum of 1500 dollars, and took the mortgage deed, but still refused to take the note therein mentioned.   The defendant objected to the testimony thus offered by the plaintiffs, claiming that it ought not to go to the jury as evidence of title ; but the judge admitted it, on the ground, that whether there was, or was not, such a connexion between these transactions of the parties, and the reception of the deed, as to constitute a consideration for it, and a delivery of it, was a fact for the jury to find.   It was proved, that after the death of *Kimball*, the deed was found among his papers.

The defendant was in possession of the land described in the declaration ; and claimed title, by virtue of a deed from *Weeks*, dated *January* 28th, 1819.   To establish his title, the defendant, after proving the execution and delivery of this deed, offered testimony to prove, that at and before the date of the mortgage deed to *Kimball*, and until the execution of the deed to him, the defendant, he was a *bona fide* creditor of *Weeks*.   The plaintiff objected to the admission of this testimony, because the defendant had not attached the land in question, nor levied any execution upon it.   The judge rejected the testimony thus offered.

The defendant prayed the judge to instruct the jury, that if they should find, that the mortgage deed and note were made without the knowledge and consent of the grantee, without any indebtedness from *Weeks* to him, at the time ; and that he refused to accept such deed and note, upon being made acquainted with their contents ; he could not, by the subsequent delivery of notes to *Weeks*, as testified by *Griggs*, nor by any new consideration, not connected with the original transaction, render the deed valid, and then accept it, on such new consideration.   The defendant further claimed, that the facts before the court shewed, that if the deed in question was ever delivered and accepted, so as to become operative between the parties, still it was fraudulent and void as to him ; and he

*Windham,*
*October,*
*1820.*

*Kimball*
*v.*
*Hutchins.*

prayed the judge to instruct the jury, if they should find the facts as claimed by him, that he, being a purchaser for a valuable consideration, without notice, was entitled to avail himself of the fraud, and would be protected in his possession, under his deed from *Weeks.* The judge, after stating the claims of the parties respectively, instructed the jury, that to perfect a deed, there must be a delivery, in which the minds of the parties must meet ; leaving to them the question of fact, whether the mortgage deed from *Weeks* to *Kimball,* was delivered and accepted, so as to become operative between the parties. He then proceeded thus : " But the defendant contends, that if it be a deed as between *Weeks* and *Kimball,* yet it is fraudulent, as it respects him, the defendant ; he being a purchaser for a valuable consideration, and *bona fide.* This presents a question of law for the court to decide, *viz.* whether it be competent for the defendant, claiming by purchase from *Weeks,* to call in question, on the ground of fraud, the deed from *Weeks* to *Kimball.* On this point, I am of opinion, and accordingly instruct you, that by law he cannot. If the deed was good as between *Weeks* and *Kimball,* and conveyed title, *Weeks* had nothing more to convey ; and, of course, there was nothing for the defendant to receive. The deed or delivery is void, only as against a creditor of *Weeks,* whose debt is endeavoured to be avoided, or as against his heirs, executors or assigns."

The jury gave a verdict for the plaintiffs ; and the defendant moved for a new trial, on the ground that the decisions of the judge, relative to the admission of testimony, and his charge to the jury, were incorrect.

*Goddard* and *Holbrook,* in support of the motion, contended, 1. That the deed from *Weeks* to *Kimball* being voluntary, and made to defeat the rights of creditors, was, in fact, and in contemplation of law, fraudulent and void ; and it could not be set up, by any new consideration. A grantee cannot set up a different consideration from that stated in the deed. *Schemerhorn* v. *Vanderheyden,* 1 *Johns. Rep.* 139. *Howes* v. *Barker,* 3 *Johns. Rep.* 341. *Maigley* v. *Hauer,* 7 *Johns. Rep.* 341.

2. That a purchaser for a valuable consideration, not being a creditor, can avoid a voluntary deed, made to defeat the rights of creditors. Those only who are *parties* to such a con-

veyance, are precluded from controverting its validity.—Though the provisions of our statute were taken from the 13 *Eliz. c.* 5., relating to frauds against *creditors,* rather than from the 27 *Eliz. c.* 4. relating to frauds against *purchasers ;* yet the latter statute, as well as the former, was in affirmance of the common law. Independently of any statute, a voluntary conveyance to defeat creditors, is void, with respect to all mankind, except the parties. *Per Marshall,* Ch. J. in *Hamilton* v. *Russell,* 1 *Cranch* 316. *Per* Lord *Mansfield,* in *Cadogan* v. *Kennett, Cowp.* 434. *Per Kent,* Ch. J. in *Sands & al.* v. *Codwise & al.* 4 *Johns. Rep.* 596. *Fox* v. *Hills,* 1 *Conn. Rep.* 295. That the defendant had *notice* of the conveyance from *Weeks* to *Kimball,* at the time he became a purchaser, does not preclude him from taking advantage of the fraud. *Standen's* case, 5 *Co.* 60. *b. Tonkins* v. *Ennis,* 1 *Eq. Ca. Abr.* 334. *Doe* d. *Otley* v. *Manning & al.* 9 *East* 59. *Newl.* 396, 7.

3. That if the deed in question was void as against creditors only ; the evidence offered by the defendant, to shew that he was in fact a creditor, ought to have been received. The statute does not require, that he should be an *attaching* or a *levying* creditor; and surely, no principle of the common law requires it.

*Cleaveland* and *Hayward,* contra, contended, 1. That the evidence offered by the plaintiffs, to prove the consideration of the mortgage deed, was properly admitted. The rule of law on this subject, is, that if the consideration stated in the deed is a *valuable* consideration, you cannot shew a merely *good* consideration ; but you may shew in what a valuable consideration was paid, whether in money, notes, or any thing else of value. The evidence in question proved a consideration of 1500 dollars in notes, at the time when the deed took effect, *i. e.* when *Kimball* accepted it.

2. That the conveyance, if fraudulent, and void as against creditors, was valid as against a subsequent purchaser from the grantor. The statute expressly limits the provision, declaring a fraudulent conveyance, " utterly void," to " the party whose debt or duty is endeavoured to be avoided." As against the grantor, *and all persons claiming under him,* the

*Windham,*
*October,*
*1820.*

*Kimball*
*v.*
*Hutchins.*

conveyance is valid ; otherwise, the law would put it in the power of a person, who had fraudulently conveyed away his estate, to sell it again to a *bona fide* purchaser ; whereas the manifest intention of the law, is, that a fraudulent grantor shall no longer have any controul over the estate.   *Osborne* v. *Moss*, 7 *Johns. Rep.* 161.   In *England, bona fide* purchasers from fraudulent grantors have been protected, solely, by the positive provisions of 27 *Eliz. c.* 4.   In *New-York,* that statute, as well as the 13 *Eliz. c* 5., has been adopted ; and the courts of that state have, very consistently, followed the *English* decisions, with regard to purchasers.   But the legislature of this state, have adopted the provisions of the 13 *Eliz. c.* 5. and rejected those of the 27 *Eliz. c.* 4.   At common law, no person other than the one intended to be defrauded, by a fraudulent conveyance, can take advantage of the fraud.

3. That if the defendant claims the benefit of the statute, as a creditor, he must shew a title as creditor, by attachment, or the levy of an execution.

HOSMER, Ch. J.   The deed of *Weeks* to *Kimball,* was without consideration, and, in the strictest sense, voluntary.   It purported to have been given for the consideration of 2000 dollars, although nothing was paid or secured, and to be a mortgage collateral to a note of 2000 dollars, payable in two years, with interest, when no such note had been executed. The sum of fifteen hundred dollars, said to have been advanced, on a subsequent day, after the refusal of the deed by *Kimball,* and which, if of any effect, proved him to be an absolute purchaser of the land, was in contravention of the deed, and not admissible in evidence.

*Hutchins,* the defendant, was a purchaser of the premises, for a valuable consideration, and *bona fide ;* and was qualified to take advantage of the voluntary and fraudulent deed of *Weeks* to *Kimball.   Rob. Fraud. Con.* 61. & seq.   *Newland* 392. & seq.   *Sugden* 432.

If it be said, that this doctrine is applicable only to conveyances under the 27 *Eliz. c.* 4., I reply, that this statute is in affirmance of the principles of the common law.   *Cadogan* v. *Kennett, Cowp.* 434.   *Sands* & al. v. *Codwise* & al. 4 *Johns. Rep.* 596.

The charge to the jury was incorrect. They should have been directed, that if they found the facts stated on the motion to be true, their verdict must be for the defendant.

I would advise a new trial.

The other Judges were of the same opinion.