Hurley v. Osler.

HURLEY v. OSLER ET AL.

1. **Conveyance**: WHEN FRAUDULENT: EVIDENCE. In an action by a fraudulent grantee to quiet the title in himself against a subsequent purchaser for value, evidence of the fraudulent character of the prior conveyance is admissible.

2. ——: ——: ——. The contract of purchase entered into between the grantor and the subsequent purchaser for value was likewise *held* to be admissible.

3. ——: ——: HOW RECOVERY MUST BE HAD. The plaintiff in such an action must recover upon the strength of his own title, and will not be aided by the infirmities of the title of defendant.

4. ——: PURCHASE IN GOOD FAITH: NOTICE. A subsequent purchaser in good faith and for a valuable consideration, with notice, from a fraudulent grantor, cannot be assailed by an action by the fraudulent grantee.

5. ——: FRAUDULENT GRANTOR: ESTOPPEL. One who has made a voluntary conveyance of his property to defraud his creditors and subsequently conveys the same to a purchaser in good faith and for a valuable consideration, is estopped to deny the latter conveyance

*Appeal from Pottawattamie District Court.*

TUESDAY, SEPTEMBER 19.

ACTION in equity. The petition states that plaintiff is the owner of certain real estate described therein, having derived his title from the United States; that within a year previous to the commencement of the action, he discovered on record in the proper county a deed conveying the premises to Osman Osler, signed by Cornelius Hurley, Sr., as attorney in fact for him, which deed was executed without his knowledge or authority; that said deed is fraudulent and casts a cloud on his title; that Osman Osler has deceased and defendants are his heirs at law, and that they are in possession of the premises; that the rents and profits are of the value of five hundred dollars. A decree is asked removing the cloud and quieting the title. Plaintiff also asks that an account be taken of the rents and taxes paid by defendants, that plaintiff be allowed to pay such taxes, and that he have judgment for the amount due him.

The answer denies that plaintiff is the owner of the premises in controversy, and states that plaintiff is not a purchaser for value and that no title passed by the conveyance to him. Defendants also set up and rely on their possession of the premises and plead the statute of limitations of five years.

It is conceded by both parties that on the first day of August, 1858, Cornelius Hurley, Sr., was the owner of the premises in controversey, and the documentary title is as follows:

1. On the first day of August, 1858, the premises were conveyed by Cornelius Hurley, Sr., to the plaintiff, the consideration stated in the deed being twenty-two hundred and fifty dollars. This deed was properly acknowledged and recorded on the 28th day of September, 1858.

2. A power of attorney from plaintiff to Hurley, Sr., empowering him to sell and convey a *portion* of the premises described in the petition. This instrument is dated March 31st, 1860.

3. A contract signed by Cornelius Hurley (it is not claimed

this is the plaintiff but conceded to be Hurley, Sr.) and Alex-
ander Osler, whereby the former, in consideration of a certain
sum of money, then paid, and a certain other sum to be paid,
agrees on such payment being made to convey said premises,
by good and sufficient deed, to said Osler or his heirs or
assigns.    This contract is dated March 11th, 1864.

4.   A deed dated June 13th, 1864, signed by Hurley, Sr.,
as attorney in fact for plaintiff, conveying the premises in
controversy, in consideration of seven hundred and fifty dol-
lars, to Osman Osler.    This deed was acknowledged and
recorded on the 14th day of July, 1864.

The District Court dismissed the petition and the plaintiff
appeals.

*L. W. Ross*, for appellant.

*Sapp & Lyman*, for appellees.

SEEVERS, CH. J.—I.   The declarations of Hurley, Sr., made
both before and after the conveyance to the plaintiff, and also

1. CONVEY-
ANCE: when
fraudulent:
evidence.

the declarations of the plaintiff after such convey-
ance, tending to show that such conveyance was
made without consideration and with intent to
defraud the creditors of Hurley, Sr., were admitted in evidence,
against the objections of the plaintiff, and as the evidence is
now before us the objection is renewed, the ground being
that the evidence is immaterial and irrelevant.

If the conveyance from Hurley, Sr., to the plaintiff was being
attacked by the creditors of Hurley, Sr., upon the ground that
it was made to defraud them, we apprehend it would be con-
ceded such testimony was admissible and entitled to consider-
ation.   If such testimony is not admissible, then no fraudu-
lent conveyance could be successfully impeached.   The mate-
riality or admissibility of the evidence, therefore, depends on
the question whether a purchaser in good faith and for value
from a fraudulent grantor can avail himself of or rely on the
fraud as a defense or protection to his title or possession, in
an action brought against him by the fraudulent grantee.   As
we shall presently see, such a purchaser may so protect him-

self, and, therefore, the testimony is both material and admissible. From its consideration (and without giving any weight to the declarations of Hurley, Sr., made after the conveyance) we arrive at the conclusion, without doubt or difficulty, that the conveyance from Hurley, Sr., to the plaintiff was without consideration and made with intent to defraud the creditors of Hurley, Sr., and that this object and purpose were known to plaintiff. It also clearly appears that Hurley, Sr., remained in possession for some time thereafter, and after removing therefrom he received the rents and profits up to the time he sold the premises to Osman Osler.

II. The plaintiff also objected to the introduction of the contract in evidence, on the ground that it was immaterial

2. ——: ——: and that no authority was shown from the plaintiff ——. for its execution. In making the contract of purchase Alexander Osler acted as the agent of Osman Osler, and the materiality of the contract depends on the question whether a purchaser in good faith from a fraudulent grantor can impeach a conveyance made with intent to defraud creditors, or rely on the fact of such fraud as a protection to his title, and for the reasons heretofore and hereafter stated we think the evidence material and admissible.

III. The testimony of Alexander Osler satisfies us he had knowledge at the time he purchased the premises that the title of record was in the plaintiff, and that he purchased knowing this fact. It is, however, apparent that he acted in good faith and supposed Hurley, Sr., would make a good title to the premises. The presumption is that Hurley, Sr., was also acting in good faith, and supposed the power of attorney gave him the requisite authority to sell the premises described in the petition, or that plaintiff would give him such authority, for certainly there is nothing showing the contrary.

Before the submission of the cause, the plaintiff dismissed so much of the petition as seeks any relief as to the premises described in the power of attorney, and there is no evidence tending to show that the plaintiff ever gave Hurley, Sr., or any one else authority to sell the residue of the premises; on

the contrary, the plaintiff testifies he never gave such author-
ity, and that he in no manner has ratified the act.

IV.   It is insisted by the plaintiff, as Hurley, Sr., conveyed
the premises in dispute as attorney in fact for the plaintiff,
*3. —: —:* and as he was not such attorney and had no
how recovery
must be had. authority to make the sale or conveyance, and as
the legal title was in the plaintiff, such facts conclusively
show that defendants have no title and that plaintiff's must
recover.   In this view we do not concur, because:  *First,* the
plaintiff must recover on the strength of his own title, and
not on the weakness of the defendants'; *second,* as the defend-
ants are in possession, it may be admitted they have no title,
and yet the plaintiff not entitled to recover; *third,* as before
stated, it is competent for defendants to impeach the title of
the plaintiff.

V.   We are now brought to a consideration of the main
*4. —: pur-* point in the case, which may be stated as follows:
chase in good
faith: notice. Where a conveyance of real estate has been made
to defraud creditors, can a purchaser *with* notice from the
fraudulent grantor rely on such fraud as a protection to his
title or possession when sued in a court of equity by the
fraudulent grantee?

We have held in *Gardner v. Cole,* 21 Iowa, 205 (to state the
point decided in the language of DILLON, J.), "that where the
first conveyance originates in a fraudulent purpose and is
without any consideration of value, and the grantor remains
in possession, and claiming ownership sells the property as
his own to a party who buys without actual notice of the prior
deed and pays value, the latter purchaser may avoid the prior
voluntary conveyance."   And it is also held that the record-
ing of such conveyance is not constructive notice thereof to
such subsequent purchaser.   It was . held in *Wolf v. Van
Metre,* 23 Iowa, 397, that a *voluntary* conveyance made in
good faith cannot be avoided by a subsequent purchaser with
notice.   In 1 American Leading Cases, 51, it is said:  "A
conveyance actually fraudulent is void against a subsequent
purchaser for a valuable consideration even *with* notice; and
a voluntary conveyance is presumptively fraudulent against a

subsequent *bona fide* purchaser *without* notice; that is, a subsequent sale to a *bona fide* purchaser without notice, is evidence that a prior voluntary conveyance was fraudulent; but a voluntary conveyance (at least according to the decisions. in some of the States), is not void against a subsequent purchaser *with* notice." In support of these distinctions several adjudicated cases in different states are cited. It will be seen, therefore, that there is a clear and recognized distinction between a fraudulent and voluntary conveyance made in good faith. It follows, therefore, that *Wolf v. Van Metre, supra,* is not decisive of the question now before us. In *Barney v. Little,* 15 Iowa, 527, we held, in relation to the notice imparted under the statute by recording of conveyances of real estate, that "the law declares the world has notice and will not allow any individual to show that he in fact did not have notice. In other words, the presumption of notice which the law in such cases raises is conclusive and incontrovertible." It will be seen there is no difference between actual and the notice implied from the record of the instrument. In *Gardner v. Cole, supra,* there was no actual notice, therefore the point decided was properly restrained and limited by that fact. If there is no difference between actual and constructive notice, and we have seen there is not, then the two cases cited, when considered together, are decisive of the important question in this case. *Gardner v. Cole* holds that a purchaser from the fraudulent grantor without actual notice is protected, and that the constructive notice imparted by the record of the fraudulent conveyance does not affect him, and in *Barney v. Little* it is held that such constructive notice is conclusively presumed, and that proof contradictory of such presumption is inadmissible. That a purchaser, in good faith and for a valuable consideration, from a fraudulent grantor, with notice, is protected when sued by a fraudulent grantee, is supported by the following authorities: *Recker v. Ham,* 14 Mass., 136; *Clapp v. Leatherbee,* 18 Pick., 131; *Clapp v. Terrill,* 20 Pick., 249; *Waller v. Cralle,* 7 B. Mon., 11; *Kimball v. Hutchins,* 3 Conn., 450; and our attention has not been called to any reported case holding the contrary doctrine.

VI.  Hurley, Sr., sold and agreed to convey the premises as his own, but he conveyed the same as attorney in fact for the plaintiff. He is, therefore, estopped from claiming that he did not sell and agree to convey, and that he in fact did convey in the capacity stated. This we think constitutes the defendants, through their ancestor, purchasers for value, and that they are within the rule just stated. But whether this is true or not, the plaintiff, as we have said, must succeed on the strength of his own title and not by reason of the weakness of the defendants', who are in possession, not fraudulently, but rightfully under their purchase. The decree of the District Court is

*5. ———: fraudulent grantor: estoppel.*

AFFIRMED.