GEORGIA V. ALDEN *vs.* HARRIET A. TRUBEE AND ANOTHER.

A purchaser of real estate gave no consideration beyond a mortgage back for the price, with a stipulation in the mortgage deed that the mortgage debt was not to be paid any further than it could be obtained from the mortgage. Held not to be a bonâ fide purchaser, as against a party who had taken a prior voluntary conveyance.

Where a deed is void upon its face it is a well settled rule that a court of equity will not set it aside as a cloud upon a title.

But the rule is otherwise where the invalidity of the deed is not apparent on its face, but depends upon extrinsic evidence.

Where equitable relief is sought in a cross-bill, and all the facts are brought out on the hearing of the petitioner's bill, it is not a valid objection to a decree in favor of the respondent on his cross-bill, that he would have adequate remedy at law, for, the court having rightfully taken jurisdiction of the case upon the petition, can retain it for the purpose of doing justice upon the whole case.

BILL IN EQUITY to set aside a conveyance and remove a cloud from the petitioner's title; brought to the Superior Court in Fairfield County. Harriet A. Trubee, the principal respondent, filed a cross-bill praying that the deed of the same property to the petitioner might be set aside as a cloud upon her own title. The following facts were found by a committee:

The petitioner was formerly the wife of Stephen H. Alden, one of the respondents, from whom she was divorced upon her own petition in March, 1873, she obtaining from him alimony to the amount of about $60,000. Harriet A. Trubee, the other respondent, is a daughter of said Alden. Mr. Alden, prior to September, 1873, was, and for several years had been, the owner of the property described in the petition, a country seat in Westport in this state called "Compo Place," which was of the value of $50,000. At this time he was a man of large wealth, and had previously made large gifts of property to his daughter, Mrs. Trubee, and to his other children; but during the panic of 1873 he suffered severe losses and became embarrassed financially, but about the 24th of October, 1873, he had settled with substantially all his creditors, and was then the owner of Compo Place in fee.

On the 24th of October, 1873, Mr. Alden executed a deed of Compo Place to Mrs. Trubee, which deed was delivered by him to her on the 25th of October, and on the 27th she had it recorded. This deed was given for the consideration of one dollar, paid by Mrs. Trubee, and as she understood from him, and believed to be the case, for the affection he bore her and her children; but it was also executed for the purpose, on the part of Mr. Alden, of preventing his creditors, if any there were, whose claims he was unable to meet, from attaching the same, of which purpose however Mrs. Trubee was ignorant. Neither at the time of this conveyance, nor at any subsequent time, was there any agreement on the part of Mrs. Trubee to hold the property in trust for Mr. Alden.

Mrs. Trubee, with her father, occupied Compo Place prior to the conveyance, and subsequently to the conveyance they remained in possession until the 17th day of February, 1874,

when the house was closed and they removed to the city of New York.

Previous to April, 1874, the petitioner and Mr. Alden became reconciled and intimate with each other, and on the 2d day of April, 1874, he executed and delivered to her a deed of Compo Place, which deed was recorded on the 4th day of April. At the time of this conveyance she had full knowledge of all the facts connected with the conveyance by Mr. Alden to Mrs. Trubee, and that Mrs. Trubee claimed the property as her own.

The only consideration for the conveyance by Mr. Alden to the petitioner was a mortgage back of the same premises to him by her, dated the 2d of April, 1874, which mortgage has never been recorded. This mortgage contained the following clause: "Provided always, and these presents are upon this express condition, that if the said Georgia V. Alden, party hereto of the first part, shall well and truly pay, or cause to be paid, to the said Stephen H. Alden, his executors and administrators, the said sum of fifty thousand dollars, on or before the 2d day of April, which will be in the year 1876, without interest, and without personal liability on the part of the said Georgia V. Alden further than this mortgage is concerned, and without personal liability for any deficiency in case a sale of the premises hereby mortgaged should be made under foreclosure of the same, then this indenture is to be void, otherwise to remain in full force."

After the conveyance of Compo Place by Mr. Alden to the petitioner, the latter on the 3d of April, 1874, entered upon and took possession of the premises, without the knowledge or consent of Mrs. Trubee, and has continued to reside there, with Mr. Alden, since that time.

All allegations in the petition and cross bill, not herein found to be true, are not proved and are untrue.

Upon these facts the court (*Hitchcock, J.,*) dismissed the petitioner's bill, with costs, and granted the prayer of the cross-bill, the decree upon the latter being as follows: "And it is further decreed that said deed from Stephen H. Alden to Georgia V. Alden, in said petition set forth and dated

April 2d, 1874, be and the same is hereby set aside, vacated, and declared void and of no effect, and that the full title to said premises in said petition set forth be, and the same is hereby declared to be, vested and established in said Harriet A. Trubee; and said deed of Stephen H. Alden to her, the said Harriet A. Trubee, dated October 24, 1873, be and the same is hereby fully confirmed."

The petitioner brought the record before this court by a motion in error.

*J. B. Curtis* and *C. G. Child*, for the plaintiff in error.

*W. K. Seeley* and *E. W. Seymour*, with whom was *G. Stoddard*, for the defendant in error.

PARK, C. J. We think it clear the petitioner has failed to make out an equitable claim against Harriet A. Trubee, the principal respondent. She bases her prayer for relief solely on the ground that when the deed of Stephen H. Alden was given to Mrs. Trubee in October, 1873, it was expressly agreed between the parties to the deed, both by parol and in writing, that the grantee should receive the deed in trust for the benefit of the grantor, and should re-convey the property to him or his appointee on demand; which Mrs. Trubee subsequently refused to do.

The Superior Court has found all these allegations untrue; which seems to dispose of the petitioner's bill.

But she insists that she has a right to claim under her bill that the deed of Alden to Mrs. Trubee was voluntary, and was fraudulent and void, not only as against his creditors, but also as against subsequent bonâ fide purchasers for value. But she is equally unfortunate in this claim, for it appears, among other difficulties which might be suggested, that she was not a subsequent bonâ fide purchaser for a valuable consideration, within the meaning of the law upon this subject. She took her deed with full knowledge of all the circumstances attending the giving of the deed to Mrs. Trubee, and paid no value in fact as the consideration of her deed, and no con-

sideration whatever except a mortgage of the same property conveyed to her, which she made to her grantor to secure the purchase money. The mortgage contained a stipulation that she should not be bound to pay the purchase price of the property farther than it could be obtained from the mortgage. She took her deed and gave a mortgage of the property in return, and that was all. If her deed was invalid her mortgage was invalid also, and she would be left in the same condition as when she took her deed, no better and no worse.

She was in no sense therefore a bonâ fide purchaser. Perry, in his work on Trusts, page 218, says: "A bonâ fide purchaser is defined to be one who at the time of his purchase advances a new consideration, surrenders some security, or does some other act which leaves him in a worse position if his purchase should be set aside." In *Spicer* v. *Waters*, 65 Barb., 227, the court say: "To constitute one a bonâ fide purchaser it is not enough to show a conveyance good in form, but payment of the consideration must be made out. It must be actually paid, not merely secured to be paid; merely giving security for the purchase money is not enough to entitle the party to the character of a purchaser for a valuable consideration. A bonâ fide purchaser is one who buys property of another without notice that some third party has a right to or interest in such property, and pays a full and fair price for the same at the time of such purchase, or before he has notice of the claim or interest of such other in the property." See also *Kimball* v. *Hutchins*, 3 Conn., 450. Many other cases might be cited to the same effect if it were necessary.

But it is said that the court below erred in granting Mrs. Trubee relief under her cross-bill, on the ground that a court of equity will not sustain a bill under the circumstances of this case, and that, besides, she has adequate remedy at law in an action of ejectment against the petitioner; and we are referred to the case of *Munson* v. *Munson*, 28 Conn., 582, as supporting the claim. The distinction between that case and the present will be readily seen upon an examination of

the cases. Judge Ellsworth, in giving the opinion of the court, seems to regard that case as among the class of cases where deeds and other instruments sought to be canceled or delivered up by proceedings *quia timet*, are void upon their face. In such cases it has been the settled practice of the courts of England and of this country to deny relief to petitioners, on account of the unnecessary expense and trouble to respondents that might be caused by a contrary rule, when lapse of time could not possibly deprive them of their full means of defence. 1 Story Eq. Jur., § 700. *Piersall* v. *Elliott*, 6 Pet., 95; *City of Hartford* v. *Chipman*, 21 Conn., 488. In the case at bar the deed to the petitioner is not void upon its face. It required a long and expensive trial to ascertain whether it was invalid, the fact depending on evidence *aliunde*. If the petitioner had been successful in proving the allegations of her bill, she would have established the validity of her deed.

There is no necessity for considering the objection that Mrs. Trubee has adequate remedy at law, for there is another reason which is decisive of the point that there is no error in the decree of the court in this part of the case. It is a principle of equity that if the court has jurisdiction of the case for one purpose, it will retain it for all purposes, and grant such relief as the parties show themselves entitled to receive. *Downes* v. *Bristol*, 41 Conn., 274; 1 Story Eq. Jur., § 699; *City of Hartford* v. *Chipman*, supra.

In this case the court had jurisdiction of the petitioner's bill. The facts which were proved on the trial of her case, and which showed that she was not entitled to relief, establish the case of Mrs. Trubee under her cross-bill. The cross-bill is an answer to the petitioner's bill, as well as a cross-bill. The petitioner in her bill sets forth the validity of her deed, and denies the validity of Mrs. Trubee's deed. The latter by way of answer and cross-bill sets up the validity of her deed, and denies the validity of the petitioner's deed. The facts establish the validity of Mrs. Trubee's deed, and the invalidity of the petitioner's; and it would be strange if, when the facts are all before the court, the court is unable to

do justice to Mrs. Trubee, as well as to the petitioner, and settle the rights of all the parties. The principal reason why a court of equity will not sustain a bill of *quia timet*, where the instrument sought to be canceled is void upon its face, is, as we have said, because of the useless expense and trouble to which it would subject respondents, and the unnecessary consumption of the time of the court. This reason does not exist in a case like the present, where all the facts are before the court upon the petitioner's bill.

There is no error in the decree of the court.

In this opinion the other judges concurred; except CARPENTER, J., who dissented as to the granting of the prayer of the cross-bill.