CHARLES LOCKIE, Appellant, v. A. L. WHITE et al., Appellees.

No. 43405.

JUNE 19, 1936.

Donald S. Peter and Chas. Lockie, for appellant.

John F. Joseph, for appellees A. L. White and E. G. White.

D. Van Donselaar, for appellee John Hunter.

Franklin Gill, for appellee Van W. Hammerstrom.

ALBERT, J.—The plaintiff claims ownership of the lot in

question under a certain sheriff's deed, which will be hereinafter referred to; and the defendant White claims ownership by reason of purchase thereof from the Bennett Loan & Trust Company.

The fact situation, as disclosed by the record, is about as follows: In the years 1927 and 1928 the plaintiff loaned to John Hunter the sum of about $3,800. On the 6th of November, 1930, Lockie obtained judgment against Hunter in the sum of $1,737.93, based on the above indebtedness. Execution was had on said judgment, and the property in controversy herein was sold to Chas. Lockie for the sum of $250, on July 24, 1931. A year later sheriff's deed was issued to Lockie, covering the lot in question, together with other lots in Sioux City. It is on the title thus obtained under the sheriff's deed that the plaintiff bases his right to maintain this action.

The judgment on which the aforesaid execution sale was based was against John Hunter, and no one else. It is the claim of the plaintiff that, while the legal title to this property was in A. L. White, one of the defendants herein, in reality the property belonged to John Hunter, and A. L. White held the title simply in trust for John Hunter. This is the storm center about which this lawsuit revolves.

The record shows that prior to 1908 John Hunter owned the property in question. In June, 1905, he deeded this property to A. T. Bennett. In July, 1907, Bennett deeded it back to Hunter, and immediately thereafter Hunter deeded to the Bennett Loan & Trust Company, and on November 18, 1908, the Bennett Loan & Trust Company, by warranty deed, deeded this property to A. L. White, together with certain other lots in Sioux City. The White deed was promptly put of record. These transactions all occurred long prior to the time that Lockie had any dealings with Hunter.

It seems that at the time White acquired the title to this property, by reason of a tax sale, J. N. Wood and wife acquired some interest in the property; but, whatever that interest was, on March 17, 1909, Wood and wife deeded the property to A. L. White. White made defense on the ground that he was the absolute owner of the property, and that Hunter had no interest whatever therein, and asked that his title be quieted against the claim of the plaintiff. The district court held against the plaintiff and quieted the title in White. Hence this appeal.

The fact question involved is the simple one of determining whether John Hunter had the beneficial interest in this property that was conveyed by the sheriff's deed aforesaid to Lockie. If so, White had no defense and was not entitled to have the title quieted in him.

To support plaintiff's contention, he introduces testimony along the following lines: That the property in controversy was originally rented by Hunter to Charles Newman, as a pool hall, and that Hunter collected the rent from Newman for something over twenty years. Hunter never accounted in any way to White for the rent thus collected. The building was originally rented for $25 a month, and was later reduced to $20 a month. White, in his testimony, admits that Hunter never accounted to him for any of the money collected on this rent, but says that he owed Hunter for other expenses. Cross-examination of White on this question, however, develops that the "other expenses" were merely a nominal sum. Hunter expended something like $150 in keeping up the repairs of the building on this lot. The evidence also shows that Hunter made a property statement to plaintiff in September, 1935, in which he listed among his assets the property in controversy. The evidence further shows that in making arrangements with the city for water supply, property owners are required to sign contracts for the installation of water, and that the contracts that were made with the city waterworks for water supply for these premises were made and signed by John Hunter; also that the lumber and material used in the repair of the premises at various times were bought and paid for by John Hunter, and that A. L. White was not known in any of these transactions.

Newman, the tenant, testifies that all of his transactions were with Hunter, and at no time was any reference made to A. L. White as being the owner of the property. There were certain outstanding judgments against Hunter at the time that White took title to the property. It also appears, that in 1926 this property was sold for taxes, and bought in by White, and he testifies that since that time, except the last three years, he has paid the taxes on this property.

The plaintiff relies on the rule announced in Barhydt v. Perry, 57 Iowa 416, 10 N. W. 820, which is that the transfer of all, or nearly all, of the debtor's property, especially when he is financially embarrassed, is a badge of fraud. We concede

this to be the rule in this state; but the trouble is that it has no application to the fact situation before us.

We have given the substance of the record which plaintiff claims is sufficient to warrant a reversal. It is to be remembered that the burden of proof is on the plaintiff to sustain the allegations of the petition. It is also a well-settled rule in this state that the plaintiff must recover, in an action of this kind, on the strength of his own title, and not on the weakness of the defendant's. We have announced this rule numerous times since the original pronouncement in the case of Hurley v. Osler, 44 Iowa 642, where we said:

"The plaintiff must recover on the strength of his own title, and not on the weakness of the defendants'."

This has been many times followed in the later Iowa cases. With these rules in view, we have reviewed the testimony in this case, the substance of which we have set out, and reach the conclusion that the plaintiff is not entitled to recover in his action to quiet title.

It is further insisted by the plaintiff that there was a secret trust reposing in the defendant White for the benefit of Hunter, and numerous cases are cited on this proposition. Conceding the law governing secret trust to be as claimed by the plaintiff, there is no evidence to warrant the application of the rule.

It follows, therefore, that the ruling of the district court was right.—Affirmed.

DONEGAN, C. J., and ANDERSON, MITCHELL, HAMILTON, KINTZINGER, RICHARDS, and STIGER, JJ., concur.