House v. Hodges.

5-1183                                     299 S. W. 2d 201

Opinion delivered March 4, 1957.

Hubert J. Meachum and Charles F. Cole, for appellant.

Kaneaster Hodges, pro se, for appellee.

CARLETON HARRIS, Chief Justice. In September, 1954, Frank Hopwood, a non-resident of this state, employed Charles Howell of Evansville, Indiana, and Kaneaster Hodges of Newport, to represent him in an action which had been brought against him personally by C. T. Roberson in Independence County. An attachment had been levied on a 1953 Ford Pick-up truck belonging to Hopwood. At the time of retaining Howell and Hodges, Hopwood agreed to transfer the truck to them in payment of attorney fees. Other actions were also pending against Hopwood Manganese Company, Inc., in which the two attorneys also represented Hopwood. Under the agreement relative to attorney fees, Hopwood, on June 9, 1955, gave an absolute bill of sale to the truck (which was still under attachment) to Kaneaster Hodges, trustee, which bill of sale was acknowledged before a notary public in Vanderburough County, Indiana, and was forwarded to Hodges on said date. On October 17, 1955, the Roberson attachment on the truck was released and Hodges gave to Roberson's attorney a check in the amount of $433.50, with the understanding that the truck would be delivered to Hodges within a week. On October 20, 1955, the attorney for Roberson wrote Hodges, "I will be unable to deliver the truck to you as per our agreement because I filed suit yesterday for one Mary C. House against Frank Hopwood personally for debt (personal loan) for $500 and attached the truck again." Hodges intervened, claiming title in himself under the bill of sale. The trial court sustained the contention, and from such holding comes this appeal.

Appellant, Mary C. House, argues that the alleged sale to appellee was not complete, and therefore void; that there was no delivery, either actual or constructive, of the truck to appellee and the purported sale was void as to creditors, and that the attempted transfer of the title should have been given by assignment of certificate of title instead of bill of sale.

We do not agree that the sale was incomplete. Hopwood testified that the sale was complete when he sent the bill of sale to appellee; that the truck was turned

over to Hodges in order that it might be sold, and the proceeds applied on the fees of appellee and his co-attorney, Howell, and that appellee could have sold it for $100 had he so desired[1]. It is true that both Hopwood and appellee stated that Hopwood was to be notified and his approval obtained when the truck was sold, but they were both even more emphatic that appellee had full control of the vehicle, and the right and authority to make disposition as he saw fit. We do not concur that the statement Hopwood should be notified, imposed a condition precluding an absolute sale. We see nothing unusual in this arrangement. In June, 1955, Hopwood had several lawsuits to defend, with the possibility of others. He retained both an Indiana attorney and an Arkansas attorney, and had no funds with which to pay either. His testimony was to the effect that the truck was his sole means of paying the lawyers. Since the truck could not actually be divided, it was necessary that it be sold in order that both attorneys might be paid. It is understandable that Hopwood might well want to know the price to be obtained, and that it would substantially take care of the attorney fees due. We conclude that there was evidence of a substantial nature to sustain the holding of the Circuit Court that there was an absolute sale rather than a mere mortgage.

We further find that there was a constructive delivery of the truck to Hodges. Section 68-1418, found in Chapter 14, Ark. Stats. (1947) Anno., entitled ''Uniform Sales Act,'' reads: *''Property in specific goods passes when parties so intended.* — (1) Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred. (2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case.'' It was not possible for

---

[1] From the record:

"Q. In other words, if Mr. Hodges wanted to sell it for $100, he could.

A. Yes, sir, he could. He could license it in Kentucky with the bill of sale if he had wanted to."

Hopwood to actually deliver this vehicle, for it was under attachment. From Am. Jur. Volume 46, page 603, Section 434: "* * * there may be a constructive delivery under which title may pass if such is the intention of the parties. Thus, * * * where goods * * * cannot conveniently be delivered manually, title may pass upon a delivery of a writing representing such property, or evidencing ownership thereof, in other words, a document of title such as a bill of sale * * * ." This truck had been attached by Roberson, so Hopwood could not make manual delivery. Roberson released the attachment when his claim was satisfied. Roberson's attorney in the matter agreed when receiving the check from Hodges, that he would deliver the property to appellee within a week. Roberson was the man who had actual control of the property, though it was held by the sheriff. We consider that the bill of sale properly endorsed from Hopwood, together with the promise of delivery from Roberson's attorney, was constructive delivery.

Appellant contends that the attempted transfer of the title was ineffective because appellee did not receive a certificate of title from Hopwood. Actually, the principal question in this litigation is whether the failure to obtain such assignment of certificate of title prevented the passing of title to appellee, or made the transfer void as to creditors. Appellant argues that the provisions of Act 142 of 1949, (Uniform Motor-Vehicle Administration, Certificate of Title, Anti-Theft Act) are mandatory, and cites the case of *West, Sheriff,* v. *General Contract Purchasing Corporation,* 221 Ark. 33, 252 S. W. 2d 405. This case in turn cites *Terrell* v. *Loomis,* 218 Ark. 296, 235 S. W. 2d 961. It should be pointed out that both of these cases deal with the question of priority of liens, and both quote from Section 60, Article V. That Section reads as follows: "No conditional sale contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attach-

ment or subsequent purchasers or encumbrances with or without notice until the requirements of this article have been complied with.'' We agree that these provisions are mandatory, but in the instant case, we hold that the bill of sale was an absolute conveyance of the interest of Hopwood, and not a conditional sale or mortgage. We find nothing in the Motor Vehicle Act which states that a *bona fide* sale of a vehicle cannot be made except by an immediate assignment of certificate of title. It is true that the purchaser cannot obtain a license, nor legally operate the vehicle without obtaining such certificate, and one so doing would be guilty of a misdemeanor, but the matter of obtaining the proper transfer lies between appellee and Hopwood. The failure of appellee to obtain the certificate of title at the time he received the bill of sale does not deprive him of title, for the certificate of title *is not title itself* but only *evidence of title*. Section 79 of the Motor Vehicle Act provides several grounds under which the department is authorized to suspend or revoke a certificate of title, registration certificate, or registration plate. Such a provision in the statute, of course, negatives any argument that the certificate of title is the only evidence of ownership.

It is pointed out that though appellee had a bill of sale dated June 9, 1955, he made no application for a new certificate of title, which the Motor Vehicle Act requires be made within five days after the transfer of the vehicle. In the instant cause, there was no reason for appellee to make this application since he did not have physical possession of the truck. It was being held by the sheriff under attachment. He does not yet have actual possession of the truck, since it was not delivered to him as per the agreement, but was, instead, attached two days after the attachment of Roberson was released. Section 31 of the Motor Vehicle Act provides, ''It shall be a misdemeanor for any person to drive or move * * * any vehicle of a type required to be registered hereunder which is not registered, or for which a certificate of title has not been issued or applied for * * * .'' Section 32 provides: ''Every motor vehi-

cle, trailer, semi-trailer, pole trailer, *when driven or moved upon a highway shall be subject to the registration and certificate of title provisions of this Act.* \* \* \* '' Let it simply be added that our statute does not purport to make void, sales which are accomplished without compliance with each provision, where such sale is *bona fide.*

In summary, we find that there was consideration for the bill of sale from Hopwood to appellee. There was no fraud, nor is any alleged. The sale was not consummated as a matter of prejudicing the rights of appellant. Appellant has not been injured by the transaction, since, except for the services of appellee, the attachment on the truck would not have been released by Roberson.

We are hence of the opinion that appellant's argument must fail, and the judgment of the trial court is affirmed.