**In the Matter of James Alex FORD, Bankrupt.**

**No. LR 5687.**

United States District Court
E. D. Arkansas, W. D.
Sept. 8, 1960.

---

J. M. Smallwood, Russellville, Ark., for Bank of Russellville (Arkansas).

Roger L. Murrel, Little Rock, Ark., for trustee in bankruptcy.

YOUNG, District Judge.

This is an action for review of an order of the Referee in Bankruptcy determining the rights of the trustee of the estate of James Alex Ford against a lien claimed by the Bank of Russellville upon an asserted pledge.

In May 1957, prior to bankruptcy, Ford borrowed $1,000 from the Bank of Russellville, for which he executed a proper note, giving a chattel mortgage upon a truck he owned as security. He also placed in the custody of the bank the Arkansas certificate of title on that vehicle. The bank admittedly failed to record its mortgage as required by Ark. Stats.1947, §§ 75–160, 161, but now maintains, nonetheless, that it is entitled to priority as against the trustee. It is insisted that placing the certificate of title in the possession of the bank was a pledge of the truck, constructive possession passing to the bank by the intention of the parties.

■ Title to a vehicle may be passed effectively without the certificate of title, House v. Hodges, 1957, 227 Ark. 458, 299 S.W.2d 201, and admittedly Ford had actual, manual possession of the truck. The clear mandate of Ark. Stats. § 75–160(a) is that no lien of encumbrance is to be effective against subsequent creditors or purchasers until there has been compliance with the requirements of recordation set out in the act; the sole exception is in favor of liens dependent upon possession. To uphold the bank's claim of priority upon the facts of this case would evade the expressed intention of the act, for the possession intended by the act is such open, notorious possession as will give notice to the world of the claim. Mere possession of the certificate of title cannot be said to be a lien dependent upon possession within the meaning of the Arkansas Motor Vehicle Certificate of Title Act cited above.

11 U.S.C.A. § 110, sub. c provides:

"The trustee, as to all property, whether or not coming into possession or control of the court, upon

which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

The order of the Referee is therefore confirmed.