Mrs. T. L. MASTERSON v. Iris TOMLINSON

5-4475                                        424 S. W. 2d 380

Opinion delivered February 26, 1968

*Rhine & Rhine,* for appellant.

*Cecil Grooms,* for appellee.

CONLEY BYRD, Justice. This is an appeal from a decree divesting appellant, Mrs. T. L. Masterson, of title to an automobile replevied by her from appellee, Mrs. Iris Tomlinson. Appellant's husband, T. L. Masterson, executed a conditional sales contract for purchase of a 1960 Chevrolet from Horton Chevrolet Company, through GMAC. When the contract was paid out and certificate of title to the car was sent by GMAC to Masterson, he assigned the title to appellant. She then filed a replevin action and obtained possession of the car from appellee. Appellee's answer and successful motion to transfer to chancery alleged that appellee had purchased the car, that she had traded in her old car for the down payment, that GMAC had refused to finance the car for her because she was a waitress and her income was below the level required by GMAC, that as an accommodation Mr. Masterson had agreed to take legal title and to sign the necessary papers to permit her to finance the car through GMAC, and that she had made each and every payment until the lien was fully paid. Asserting equitable ownership of the title, which can not be asserted at law, she prayed for transfer of the cause to chancery and for damages for the wrongful taking.

The chancellor awarded the car to appellee, but denied her damages for the unlawful detention.

Appellant argues that the pleadings and evidence do not support the decree. Of course, legal title to the car was in Masterson when he assigned the title to appellant without consideration. However, appellee's allegation that Masterson signed the contract and took title in his name only as an accommodation was substantially corroborated by appellee's witness Holland, the car

salesman. He testified that appellee had come to the car lot several times, that she had traded in a 1956 Chevrolet for the down payment, that when he started to get her financial statement he had told her that "GMAC will not finance anyone who works in a beer joint" and suggested that the car be put in a friend's name. When Masterson came to the car lot, Holland explained that all the papers would be in Masterson's name, except that the application for insurance would show appellee's name, birth date and driver's license number as the driver. Holland testified that he had seen appellee make a number of payments at the car lot, which in turn were forwarded to GMAC, and that he had never seen Masterson make any payments. Appellee introduced a number of cash receipts for $54.55 each from Horton Chevrolet Company, as well as a current pink slip, all of which were made out to T. L. Masterson. Mr. Masterson did not testify, although present in the court room.

All in all, we find that there is sufficient evidence to support the chancellor's decree vesting legal as well as equitable title in appellee. As was pointed out in *House* v. *Hodges,* 227 Ark. 458, 299 S. W. 2d 201 (1957, and *Robinson* v. *Martin,* 231 Ark. 43, 328 S. W. 2d 260 (1959), "Certificate of title [to a motor vehicle] *is not title itself but only evidence of title."* Appellant, being an assignee of the certificate without consideration, stands in no better position than her assignor. The evidence is sufficient to show a resulting trust existed in favor of appellee. "The rule rests on the doctrine of equitable consideration and on the presumption or implication of law of the intention of the purchaser that he intends the purchase for his own benefit and the conveyance in the name of another as a matter of convenience or arrangement for collateral purposes." 54 Am. Jur., Trust, § 207. *Mortensen* v. *Ballard,* 209 Ark. 1, 188 S. W. 2d 749 (1945).

On cross-appeal, appellee contends that the court erred in refusing to award her damages for detention

of her car. In its decree, the court found that appellee should be awarded damages, but failed to make proper proof to sustain an award. Review of the record sustains the chancellor's findings.

Affirmed.