577 P.2d 248

**William F. NOBLE and Virginia L. Noble, his wife, Appellants,**

v.

**Lila M. BONNETT, Appellee.**

**No. 13532–PR.**

Supreme Court of Arizona, In Banc.

March 24, 1978.

Hanley, Traub & Hanley by Ronald N. Hanley, Fairbury, Ill., Richard A. Gibson, Phoenix, for appellants.

Sullivan, Mahoney & Tang by Thomas Tang, John W. Rood, Phoenix, for appellee.

GORDON, Justice:

Contemporaneously with a loan of money and credit by Lila Bonnett, to her son, Louis, Louis transferred the title to his 1971 Dodge to Lila, the appellee herein. It was understood between the parties that Louis was to remain the owner of the car and that Lila was to hold the title in her name solely as a security device until Louis satisfied his obligations under the loans. Soon thereafter William and Virginia Noble, judgment creditors of Louis and appellants herein, levied upon the Dodge which Louis

had retained in his possession. Appellee reacted by filing a document styled, "Motion for Stay of Execution and Claim of Property Levied Upon" pursuant to A.R.S. § 12–1331 through 1341.[1]

After the trial of appellee's claim, the trial judge determined that, although Louis was the owner of the Dodge, and hence had a property interest theoretically subject to execution by his judgment creditors, appellee had a security interest in the vehicle in an amount equal to its value that was superior to the claim of appellants. The Court of Appeals agreed that Louis had interests in the Dodge that were subject to execution. However, in a memorandum decision, it reversed holding that appellee did not have a valid security interest as a matter of law because she failed to properly perfect her interest under A.R.S. § 28–325. We accepted review to resolve questions as to the proper method of perfecting a security interest in an automobile.

As a preliminary matter, it should be noted that the Uniform Commercial Code on Secured Transactions defers to any state statute that requires indication of a security interest on a certificate of title as the exclusive source of law under which a security interest can be perfected in property subject to that statute. A.R.S. § 44–3123(C) and (D). For automobiles the special statute in Arizona is A.R.S. § 28–325 Liens and Encumbrances.

A.R.S. § 28–325 A states:

"No conditional sale contract, conditional lease, chattel mortgage or other lien or encumbrance, title retention instrument or other instrument affecting or evidencing title to, ownership of, or reservation of title to any registered vehicle, other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment, or subsequent purchasers or encumbrancers without notice, until the requirements of this section have been complied with."

Subsections B through F proceed to dictate a detailed process by which a security interest in an automobile is perfected. First, the secured party must deposit a copy of the instrument creating the security interest with the motor vehicle division along with the certificate of title last issued for the vehicle. If the vehicle has not yet been registered, the copy of the instrument creating the lien must be accompanied by the owner's application for an original registration and certificate of title. A.R.S. § 28–325(B). When satisfied as to the genuineness of the application, the motor vehicle division issues a new certificate of title, listing the name of the owner and a statement of all encumbrances that have been certified to the division as existing against the vehicle. A.R.S. § 28–325(C). The issuance of a new certificate of title as provided by subsections B through D constitutes constructive notice to creditors or subsequent purchasers of all liens against the vehicle except those authorized by law that are dependent upon possession. A.R.S. § 28–325 E. As if the legislative intent had not already been made clear, subsection F states, "The method provided in subsection E for giving constructive notice of a lien or encumbrance upon a registered vehicle shall be *exclusive * * *".* (Emphasis added.)

It is clear that the appellant's unorthodox method of taking a security interest did not meet the requirements of A.R.S. § 28–325. Hence, the issue on appeal is reduced to whether her failure to do so automatically rendered her security interest invalid vis-a-vis the appellants.

It is appellee's contention that A.R.S. § 28–325 does not apply to the security device utilized in this case. It is her belief that the sole problem envisaged by the Legislature when drafting this provision was the situation where title to the vehicle is in the name of the owner and a secured creditor of the owner who has not recorded his interest in any manner attempts to assert that interest against a bona fide purchaser

---

1. A.R.S. § 12-1331 through 1341, otherwise known as Article 13. Trial of Title to Personal Property Under Levy, details the procedure that must be followed by a person who is not a party to the writ of execution in order to claim an interest in the subject property.

or subsequent creditor of the owner. By contrast, appellee contends that where the secured party takes title in her own name, there is no hidden interest and, hence, no potential for fraud because subsequent creditors are on notice of the interest of the secured party.

We cannot agree with these arguments. It is often difficult to determine precisely which situations or fact patterns the Legislature had in mind in drafting a statutory provision. However, the appellee's assertion that the Legislature was considering only the problem of "hidden security interests" is belied by that portion of the statute which reads:

"*No* conditional sales contract, conditional lease, chattel mortgage or other lien or encumbrance * * * is valid * * * until the requirements of this section have been complied with. (Emphasis added.) A.R.S. § 28–325 A.

Furthermore, we have stated that the purpose of the certificate of title act is to " * * * prevent as many as possible of the evils arising out of car thefts and car frauds, by making it as difficult as possible to cheat an innocent purchaser or an innocent lienholder." *Price v. Universal C.I.T. Credit Corporation*, 102 Ariz. 227, 229, 427 P.2d 919, 921 (1967). Regardless of whether the Legislature considered the specific problem presented in this case, it is our view that the goal of preventing fraud in automobile transactions will be well served by our refusal to sanction the taking of title in the name of the secured party as a valid security device. If we were to approve of this method, there would always be the danger that the secured party, having the indicia of ownership, would defraud the true owner of the vehicle by transferring it to a bona fide purchaser.

We recognize that a judicial construction of A.R.S. § 28–325 approving that statute's requirement of strict compliance with its terms to perfect a security interest may, in certain cases, operate harshly upon people who, unfamiliar with the often vagarious nature of our commercial codes, have without the aid of counsel, relied on lay intui-

tion of the law in arranging their commercial affairs. However, we feel constrained by the mandatory language of the statute to give a strict interpretation.

The memorandum decision of the Court of Appeals, 1 CA–CIV 3167 (Filed November 9, 1977) is vacated. The orders of the trial court granting appellee's motion for Stay of Execution, Quashing and Setting Aside the Levy of Execution, Directing the Sheriff to Release the vehicle to appellee and charging expenses to appellant are hereby reversed. The case is remanded for proceedings not inconsistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.