In re **HILLSTROM SHIPBUILDING COMPANY, INC., Bankrupt.**

**DOLPHIN TERMINALS, a joint venture between Knutson Towboat Co., an Oregon partnership, and Brady-Hamilton Stevedore Co., an Oregon Corporation, Plaintiff,**

v.

**Robert BUTTS, Trustee, Defendant.**

**Bankruptcy No. 79–02455.**

United States Bankruptcy Court, D. Oregon.

June 13, 1980.

Boyd J. Long, Portland, Or., for plaintiff.

Kirk Johansen, Coos Bay, Or., for defendant.

## OPINION, FINDINGS OF FACT AND CONCLUSIONS OF LAW

C. E. LUCKEY, Bankruptcy Judge.

Plaintiff seeks to reclaim a mobile crane mounted on a titled motor vehicle carrier which it had sold to the bankrupt in July, 1978, retaining a security interest therein by a document signed by an officer of the bankrupt. The bankruptcy was filed August 14, 1979.

The certificate of title was retained by the plaintiff-seller, but no notice was given to the Oregon Department of Motor Vehicles of the sale and the lien claimed by the plaintiff was not noted thereon.

The parties have each moved for summary judgment, and reserved for further proceedings the question of whether or not the interest in the crane follows the interest in the carrier by accession. Argument and memoranda have been considered and the Court is now advised.

Plaintiff contends that because records of the Department of Motor Vehicles would show the title in the name of the plaintiff, compliance with chapter 481 and its subsections providing the method to perfect its security interest is not necessary when it has retained the document of title.

As a general proposition, the old concepts of title have been discarded by the Uniform Commercial Code, however, they are not without significance in motor vehicle transfers because the U.C.C. as adopted in Oregon by Section 79.3020 ORS provides for perfection in compliance with ORS Chapters 481, 488 and 493, Chapters of the Motor Vehicle Code.

After the adoption of the Uniform Commercial Code in Oregon, perfection of a security interest in motor vehicles not held by a dealer as inventory is required to be by a notation on the certificate of title to show the secured party's interest, as provided by ORS 481.410. See *In re Palmer*, (D.Ct.Or. 1964) 2 U.C.C. Reporting Service 646.

Section 79.1020(2) ORS provides for application of the U.C.C. to security interests created by contract including conditional sale or title retention contracts.

The transaction between the plaintiff and the bankrupt was a sale to the bankrupt who thereby became the owner with creation of a security interest in the plaintiff. As to third parties, or the trustee in bankruptcy of the purchaser, to be effective the security interest required perfection. That perfection in Oregon at the time of the transaction was governed by Section 481.-413 ORS, which provides:

"481.413 Perfecting security interest in vehicle; application of Uniform Commercial Code. (1) As used in this section, 'vehicle' and 'vehicles' include a mobile home, travel trailer and camper.

"(2) Except as provided in subsection (3) of this section, the *exclusive* means of perfecting a security interest in a vehicle covered by a certificate of title is by application for and notation of the security interest on the certificate of title in accordance with the provisions of this chapter.

"(3) A security interest may not be perfected by notation of the security interest on the certificate of title if the debtor who granted the security interest is in the business of selling vehicles and the vehicle constitutes inventory held for sale. The filing provisions of ORS 79.-4010 to 79.4070 shall apply to security interests in such vehicles.

"(4) The rights and remedies of all persons in vehicles covered by this section shall be determined by the provisions of the Uniform Commercial Code. [1977 c. 260 § 2 (enacted in lieu of 481.412)]" (Emphasis added).

Section 481.410 ORS provides:

"481.410 Creation, satisfaction or assignment of security interest in vehicle. (1) If, after a certificate of title is issued, a security interest is created in the vehicle described in the certificate, the owner, or lessor, if there is a lease, shall sign, and enter the date, in an application space provided on the back and deliver the certificate to the person in whom the security interest was created who, within 30 days thereafter, shall sign and present the certificate with a fee of $2 to the division. In the event a prior security interest holder is in possession of the certificate of title the owner or lessor, as the case may be, shall sign and may arrange for direct delivery by the prior security interest holder to the division. The division shall, upon receiving the certificate and fee, issue a new certificate of title, note such change upon its records in order of priority and mail the certificate to the security interest holder first named on the certificate.

"(2) Upon satisfaction of a security interest in a vehicle for which a certificate of title has been issued, the security interest holder affected, if in possession of the certificate of title, shall sign and date a release on the certificate and deliver it to the security interest holder next named, if any, otherwise to the lessor or, if none, to the owner. In the event the security interest holder affected is not in possession of the certificate he shall execute and date a release of his interest and deliver it to the person entitled thereto who shall promptly deliver it to the holder of the certificate of title. Within 30 days after the date of the release, the holder shall present the certificate of title and release, with a fee of $2, to the division. The division thereupon shall note the change upon its records and issue a new certificate of title to the first security interest holder then named, if any, otherwise to the lessor or, if none, to the owner.

"(3) A security interest holder or lessor may, without the consent of the owner, assign his interest in a vehicle to a person other than the owner without affecting the interest of the owner or the validity or priority of the interest, but a person without notice of the assignment is protected in dealing with the security interest holder or lessor as the holder of the interest until the assignee files in accordance with ORS 79.1010 to 79.5070.

"(4) A person who violates any provision of this section commits a Class C traffic infraction."

Motor vehicle use in Oregon is governed by a statutory scheme necessary to the regulation of such use which requires registration of the vehicle in the name of an identified owner for the fixing of responsibility of the owner. See section 481.075 ORS which provides:

"481.075. Purposes and application of chapter, exclusions. (1) Those portions of ORS 308.865 relating to the duties of the division and the provisions of ORS 481.-

005, 481.010, 481.015 to 481.022, 481.025 to 481.090, 481.105, 481.110 to 481.160, 481.-162 to 481.179, 481.205 to 481.280, 481.305 to 481.340, 481.405 to 481.420, 481.430, 481.435, 481.450, 481.460, 481.490 and 481.-950 are an exercise of the police powers of this state, and the purpose, object and intent of said sections is to provide a comprehensive system for the regulation of all motor and other vehicles in this state."

Section 481.110 requires the operator of any motor vehicle to first secure a certificate of title and registration number, and every owner before operation of a motor vehicle upon the highways is required to make application for registration as provided by Section 481.105(1) ORS.

Before the adoption of the U.C.C. in 1963 in Oregon the law required perfection of an interest in a motor vehicle to be by recording of a chattel mortgage. The 1930 case of *Thiering v. Gage*, 132 Or. 92, 284 P. 832, cited by the plaintiff to the effect that failing to forward evidence of ownership does not deprive the owner of his rights is therefore not apposite.

In that case a licensed dealer is involved, and licensed dealers are now accorded special treatment under the U.C.C. not applicable to this proceeding. Also the case cannot be applied to the U.C.C. and motor vehicle code provision for the exclusive method to perfect a security interest under present statutes.

Plaintiff argues that the case of *In re Covey*, 470 F.Supp. 1048 (D.Vt.1979) is distinguishable because the Vermont statute provides expressly that a security interest is not valid against creditors unless perfected by notation on the title. Such express provision is not necessary because of the Oregon statutory provision that the notation on the certificate of title is the *exclusive* method of perfecting a security interest. Penalties or lack thereof do not vest or divest the incidence of security perfection. Unperfected security interests are, of course, avoidable by the trustee in bankruptcy.

Plaintiff relies on *Twombley v. Wulf*, 258 Or. 188, 482 P.2d 166 (1971) which quotes

from *South Seattle Auto Auction, Inc. v. Ladd*, 230 Or. 350, 370 P.2d 630 (1962). In the *Ladd* case, the court notes it was simply held that the title of a transferee remained good except as against creditors or others misled by the record not being changed.

Retention of a security interest implies an existing beneficial interest in the party granting the security. While it is true that one seeking the titled interest in the vehicle would have found the plaintiff to be "owner", that information would have been false and incomplete. Records of perfection of security interests should also disclose to creditors the possible equity of the owner in the encumbered property. This is even more true when the public policy of the state mandates a procedure with regard to motor vehicles.

It is not reasonable to conclude that the drafters of the Uniform Commercial Code in providing that perfection should be as required by the Motor Vehicle Code contemplating perfection in the exclusive manner provided would expect the required manner of perfection be undone by the simple provision for a paid penalty to the state, and that the purchaser of a motor vehicle would not find it necessary to comply with the legal requirement to register the motor vehicle which would require the certificate of title which would not be parted with by the lienee absent the notation of the lien.

See *In re Ford*, 186 F.Supp. 252 (D.C.Ark. 1960) quoted with approval in In re *Deb Cabinet Company Inc.*, (E.D.Tenn.N.D.1974) Bankruptcy Court Decisions 1/9/75 p. 322, wherein the court states: ". . . the method of giving constructive notice of a lien or encumbrance upon a motor vehicle [registration of lien upon certificate] shall be exclusive . . . A valid lien upon a motor vehicle is dependent first upon registration, and second upon the registration of the lien upon said certificate of title. An encumbrancer cannot obtain an advantage through the omission of one or more of the several steps required by law."

See also *In re Butler's Tire & Battery Co. Inc.* (D.C.Or. Docket No. B74–3612C–7 1975)

Bankruptcy Court decisions 4/29/76, p. 496. In that case Judge Sullivan concludes:

"In Oregon, the perfection of a security interest in a motor vehicle is governed exclusively by the provisions of the Motor Vehicle Code and the rights which arise by virtue of perfection or nonperfection are governed by the Oregon version of the Uniform Commercial Code ORS 79.-3020(3)(b), ORS 481.412(2). When a security interest is created, ORS 481.410(1) requires the owner or lessor to sign, date, and deliver the certificate to the security interest holder, who within thirty days thereafter 'shall sign and present the certificate' to the Division, which in turn notes the change on its records, reissues the certificate and delivers it to the security interest holder."

See also *Noble v. Bonnett*, 118 Ariz. 397, 577 P.2d 248 (1978) wherein the court points out that perfection of a security interest in a motor vehicle by having the title in the name of the creditor is not recognized by law.

The applicable statute provided the exclusive means of perfecting a security interest in a motor vehicle to be notation on the certificate of title. Since this method was not followed, the security interest was not perfected. The court said:

"Regardless of whether the Legislature considered the specific problem presented in this case, it is our view that the goal of preventing fraud in automobile transactions will be well served by our refusal to sanction the taking of title in the name of the secured party as a valid security device." 577 P.2d at 250.

It is the opinion of the Court that the clear contemplation of the legislature in coordinating the provisions of the Uniform Commercial Code and the motor vehicle code thereby providing for an exclusive method of perfecting security interests in motor vehicles recognized the mobility of the vehicles, the requirements of registration for use and title to obtain registration and the need for a uniform method to ascertain interests in such property exclusively. To retain a perfected security interest it was contemplated that the statutory requirements would be, and would be required to be, observed.

## FINDINGS OF FACT

1. On July 7, 1978 plaintiff entered into a sale and purchase money security agreement with Hillstrom Shipbuilding Company, Inc., the bankrupt herein, wherein Hillstrom agreed to purchase from the plaintiff a 1968 Bay-City Manitowoc Model 40, serial number 24015 with Cummins model C–160 IP, serial number 551328 mounted on Pierce Crane Carrier model 455084, serial number 68–1445 with Cummins engine, model N.H. 250, serial number 579227, which agreement reserved a security interest which attached to the above described crane and carrier in favor of the plaintiff.

2. That the Pierce Crane Carrier is a motor vehicle licensed by the State of Oregon and a certificate of title thereto has been issued by the Motor Vehicle Division of the State of Oregon showing the owner of the crane carrier, the certificate of title bearing date of 08/09/74.

3. That after the execution of the security agreement and transfer of possession of the property subject thereto to Hillstrom, the plaintiff retained possession of the title, but did not transmit the title to the Department of Motor Vehicles as required by the provisions of section 481.410 ORS for endorsement of its security interest thereon nor to reflect the ownership interest of Hillstrom.

4. That Hillstrom Shipbuilding Company, Inc., filed a voluntary petition in bankruptcy on August 14, 1979, and the defendant is the duly appointed and qualified trustee of the bankruptcy estate.

5. That the possession of the crane and carrier is now held by the trustee-defendant.

## CONCLUSIONS OF LAW

1. To perfect its security interest in the Pierce Carrier as against the defendant, the plaintiff was required to comply with the provisions of section 481.410 ORS to

have its interest as a secured creditor shown on the certificate of title.

2. That having failed to perfect its security interest in compliance with the provisions of section 481.410 ORS, the plaintiff is not entitled to reclaim possession of the Pierce Carrier from the defendant.

3. The defendant is entitled to summary judgment allowing him to retain possession of the Pierce Carrier and to judgment that his interest therein is superior to the rights of the plaintiff therein.