In re SANTA FE ADOBE, INC., Debtor.

Claude PITRAT, Trustee, Plaintiff,

v.

John MORRIS and Jane Doe Morris, Lee Ahnlund and Jane Doe Ahnlund, Defendants.

BAP No. AZ-82-1482-AsAbE.
Bankruptcy No. B 81-0050-PHX RM.
Adv. No. 81-55.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued May 18, 1983.

Decided Oct. 26, 1983.

Richard M. Lorenzen, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for plaintiff.

John W. Rood, Mahoney, Lehman, Rood, Rempe & Spears, P.C., Phoenix, Ariz., for defendants.

Before ASHLAND, ABRAHAMS and ELLIOTT, Bankruptcy Judges.

OPINION

ASHLAND, Bankruptcy Judge:

INTRODUCTION

The Chapter 7 trustee appeals from a bankruptcy court order holding that the doctrine of *res judicata* barred his litigating the validity of a security interest in bankruptcy court. We reverse.

Before bankruptcy, the debtor and certain creditors entered into an agreement for the purchase and sale of a double axle tractor and trailer. By the terms of the agreement, creditors took a security interest in the vehicles and filed a financing statement with the Secretary of State of Arizona. Creditors took no further action to perfect their security interest.

Debtor defaulted and creditors sought to foreclose and take possession of the collateral by bringing an action in state court to determine their rights under the agreement. On July 31, 1980 the state court entered an amended judgment for creditors, finding that creditors had "perfected their security interest in accordance with the Arizona Uniform Commercial Code."

Debtor filed its Chapter 7 petition on January 13, 1981. Creditors had not yet retaken possession of the vehicles pursuant to the state court order.

On March 6, 1981 the trustee sued in bankruptcy court to declare the security interest of creditors invalid. The court denied Trustee's motion for summary judgment, but instead granted summary judgment for creditors.  .

ANALYSIS

*Effect of Superior Court Order*

The state court order provided only that, as between the creditors and the debtor, creditors had a perfected security interest in these vehicles and they could exercise their rights and remedies as provided in A.R.S. §§ 44–3147 through 44–3153. Absent compliance with A.R.S. §§ 44–3123(C)(2) and 28–325(A), the creditors' security interest was not perfected as to third parties. *Noble v. Bonnett,* 118 Ariz. 397, 398–399, 577 P.2d 248, 249–250 (1978).

In *Noble,* the Supreme Court of Arizona noted that under Arizona law, the terms of the Uniform Commercial Code on Secured Transactions [A.R.S. § 44–3123(C)] defers to any state statute that requires the indication on a certificate of title or which provides for a central filing. The court held that A.R.S. § 28–325(A) is the statute which provides for the exclusive means by which a security interest in a motor vehicle is perfected. The court recognized that a requirement of strict compliance with the terms of the statute might be harsh and even unfair, however, it felt "constrained by the mandatory language of the statute to give strict interpretation." Id. at 399, 577 P.2d at 250.

■ Here, the creditors did not comply with A.R.S. § 28–325(B). They did not deposit a copy of the financing statement with the Arizona Department of Motor Vehicles accompanied by the certificate of title last issued for the vehicles. Like the court in *Noble,* we are constrained to adhere to the mandatory language of § 28–325(F) which provides that this method of perfection shall be the "exclusive" method of perfection except as to liens dependent upon possession. Prior to creditors exercising their rights under the state court order, their unperfected security interest was subordinate to rights of lien creditors. A.R.S. § 44–3122(A)(2).

*Effect of Superior Court Order as to Trustee*

In deciding that *res judicata* barred the trustee from litigating the validity of creditors' security interest, the bankruptcy court noted that the trustee gets no better title than the debtor had at the time of filing of the Chapter 7 petition. At that time, the validity of the security interest had been determined in a final judgment in state court.

Trustee contends *res judicata* is not applicable to him because he was not a party to the earlier suit. While the trustee was not a party, he is arguably bound to the extent the debtor is bound. The trustee acquires those rights and equities remaining in the

debtor as of the effective date of the bankruptcy. Creditors, therefore, contend that the trustee cannot assert the invalidity of the security interest any more than could the debtor.

■ The doctrine of collateral estoppel applies to issues which are identical in both actions. The validity of the security interest has already been determined as to the debtor. Although the trustee was not a party to the first action, he is in privity with the debtor and arguably subject to collateral estoppel. See, generally Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (U.S. collaterally estopped to challenge constitutionality of state tax because it directed and financed prior state litigation). Ordinarily, the trustee is merely a successor in interest to the debtor and therefore he should take no greater interest in the property than held by the debtor. *Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585, 592 (9th Cir. 1983).

If we were to stop our review of this case at this point, we would affirm the decision of the trial court. However, the trustee has powers as a hypothetical judicial lien creditor pursuant to Bankruptcy Code § 544(a)(1), in addition to the rights determined by the state court.

In order to protect the assets of the estate, § 544(a)(1) specifically gives the trustee the power of a hypothetical lien creditor "without regard to any knowledge of the trustee or of any creditor." The trustee's actual or constructive knowledge has no effect on his powers as a judicial lien creditor. *In re Minton Group, Inc.,* 27 B.R. 385, 391 (Bkrtcy.S.D.N.Y.1983).

In *In re Hillstrom Shipbuilding Company, Inc.,* 5 B.R. 87 (Bkrtcy.D.Or.1980), the Bankruptcy Court faced a fact situation similar to that presented here. An action had been brought against the trustee by a seller creditor to reclaim a crane on a motor vehicle sold to the debtor. The court held that the seller failed to comply with the motor vehicle recording statute and therefore as to third parties or the trustee in bankruptcy, the security interest was not valid. The court noted the similarity between the Oregon and Arizona statutes and also cited *Noble, supra,* for the proposition that a strict interpretation must be given to these statutes. 5 B.R. at 91. Implicit in the court's determination was the power of the trustee as a third party lien creditor in relation to unsecured interests. Here, the state court order likewise had no effect on the trustee's § 544 powers since under the state law the order would have no effect on similarly situated third parties.

■ The validity, nature, and effect of liens in bankruptcy proceedings and the trustee's rights as a hypothetical lien creditor are governed by the law of the state where the property is located. Here, the security interest in the vehicles was not perfected as to third parties and pursuant to A.R.S. § 44–3122(A)(2), the trustee as a lien creditor took priority over the creditors' interest.

We, therefore, reverse the trial court with directions to vacate the order granting summary judgment for creditors.