In re Lewis W. SHUMAN, Debtor(s).

Lewis W. SHUMAN, Appellant(s),

v.

Kathleen McDONALD,
Trustee, Appellee(s).

BAP No. NV 87–1037–AsEMe.
Bankruptcy No. S–86–00797.

United States Bankruptcy Appellate Panels
of the Ninth Circuit.

Argued and Submitted Sept. 16, 1987.
Decided Sept. 30, 1987.

James C. Mahan, Mahan & Ellis, Chartered, Las Vegas, Nev., for appellant.

Lenard E. Schwartzer, Las Vegas, Nev., for appellee.

Before ASHLAND, ELLIOTT and MEYERS, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge.

The debtor appeals from an order denying his claim of exemption in a pension and profit sharing plan. The debtor's interest in the plan was held to be property of the estate. We affirm.

## FACTS

The facts of this appeal are undisputed and are adopted from the trial court's memorandum decision. *In re Shuman*, 68 B.R. 290 (Bankr.D.Nev.1986).

In 1985, Security Bank of Nevada obtained a judgment against Lewis W. Shuman for $443,634. Subsequently, the Bank attempted to execute on Shuman's interest in a pension and profit sharing plan. On November 14, 1985, the Nevada state court determined that the plans were valid spendthrift trusts under Nevada law and thus exempt from execution. Nev.Rev.Stat. § 21.080.

On April 14, 1986, Shuman filed a Chapter 7 bankruptcy. At the time of filing Shuman was the sole shareholder and president of American Investors Management, Inc. Shuman is one of two trustees of the AIM profit-sharing plan and trust and AIM pension plan. The plans were created in 1980 and meet the requirements of ERISA and qualify for tax purposes under IRS Code § 401(a). Debtor's interest in the plan is about $220,000.

On May 23, 1986, Shuman amended his schedules to claim his interest in the plans as exempt. 11 U.S.C. § 522(b)(2). Nev. Rev.Stat. § 21.080. The trustee objected to the claim of exemption. The trustee did not state the grounds for the objection.

On July 3, 1986, the debtor opposed the trustee's objection to which the trustee responded. On August 12, 1986, the court heard the matter and rendered its decision on December 19, 1986. The court held that the plans did not qualify as spendthrift trusts under Nevada law, notwithstanding the contrary state court ruling, and, therefore, did not qualify for exemption under § 522.

## ISSUE

Whether the debtor's interest in the profit and pension plans is property of the estate and whether a prior state court determination binds the debtor's trustee in bankruptcy.

## DISCUSSION

■ The issue on appeal is a question of law subject to de novo review. *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir. 1985). If the plans satisfy the spendthrift trust requirements of Nevada law, they are not property of the estate. 11 U.S.C. § 541(c)(2), *In re Daniel*, 771 F.2d 1352 (9th Cir.1985).

On procedural grounds, the debtor questions the propriety of the trustee's form of objection. The trustee filed a one page objection which listed the property but listed no grounds in support of the objection. The debtor contends that the failure to commence a contested matter under Bankruptcy Rule 9014 deprived him of notice and an opportunity to respond. Thus, the elementary requirements of due process were not satisfied.

While we agree that the initial objection was a bare assertion devoid of due process requirements the subsequent events remedied those deficiencies. For one, Bankruptcy Rule 4003 controls objections to claims of exceptions and does not require a contested matter under Rule 9014. Second, the debtor filed an opposition to the claim of objection to which the trustee responded. The court then continued the hearing to allow the debtor a further opportunity to respond. The debtor was fully apprised of the grounds for objection and had the opportunity to respond, which he did. *See, First National Bank of Mobile v. Norris*, 701 F.2d 902 (11th Cir.1983).

■ The debtor next contends that the exemption issue was determined by the Nevada state court. Therefore, the state court's decision precluded the bankruptcy court from relitigating the issue under the doctrine of collateral estoppel.

In *In re Santa Fe Adobe, Inc.*, 34 B.R. 774 (9th Cir. BAP 1983), in a suit between a secured creditor and the debtor a state court determined that the creditors had a perfected security interest. We held that this determination did not bar a trustee's suit in bankruptcy court to have the security interest invalidated.

Collateral estoppel operates to preclude parties or their privies from relitigating issues previously litigated and actually determined. *In re Harck*, 70 B.R. 118 (9th Cir. BAP 1987). The bankruptcy court determined that the issue before the bankruptcy court and before the state were the same: namely, whether the plans were valid spendthrift trusts under Nevada law. The bankruptcy court held that the trustee was not in privity with the debtor or Security Bank. We agree.

■ The doctrine of privity extends the conclusive effect of a judgment to nonparties who are in privity with parties to an earlier action. A privy may include those whose interests are represented by one with authority to do so. *United States v. ITT Rayonier, Inc.*, 627 F.2d 996 (9th Cir. 1980). A person who technically is not a party to the prior action may be bound by the prior decision only "if his interests are so similar to a party's that the party was his 'virtual representative' in the prior action." *A & A Concrete, Inc., v. White Mountain Apache Tribe*, 781 F.2d 1411 (9th Cir.1986). The trustee is not the "virtual representative" of one judgment creditor or the debtor. The trustee has powers greater than any single creditor. See 11 U.S.C. §§ 544 et seq. The defense of a cause of action by a debtor pre-bankruptcy does not necessarily represent the rights of a bankruptcy trustee. *But see, United States v. Schnick*, 66 B.R. 491 (W.D.Mo. 1986) (A trustee who brought action to recover amounts due under bill of sale stood in shoes of all creditors including IRS, thus res judicata applied). *In re Benny*, 29 B.R. 754 (N.D.Cal.1983). (The trustee is a representative of all creditors, both secured and unsecured.)

We also conclude that the plans do not constitute valid spendthrift trusts excludeable from debtor's estate. In *In re Daniel*, 771 F.2d 1352 (9th Cir.1985), the court examined the debtor's corporate profit-sharing and pension plan which was controlled by the debtor. Although the plan satisfied

ERISA and IRS spendthrift trust requirements the plan did not satisfy the "applicable nonbankruptcy law", or state law spendthrift trust requirements. *See also, In re Bloom*, 68 B.R. 455 (9th Cir. BAP 1986) (Funds placed in pension and profit-sharing plans not used for retirement purposes are not exempt property.)

The requirements for a spendthrift trust in Nevada are set forth in Nev.Res. Stat. §§ 166.010 et seq. The plan fails to satisfy the requirements because of the debtor's ability to require the trust to make a full distribution upon termination of employment. At the date of filing bankruptcy the debtor was no longer an employee of AIM and could demand a lump sum distribution. Moreover, the debtor was sole shareholder and president of AIM. In that capacity he could terminate the plans at any time without recourse. The debtor's unfettered control proves fatal. *See, In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985), *In re White*, 61 B.R. 388 (Bankr.W.D. Wash.1986).

For all the foregoing reasons we affirm the trial court's holding that the pension and profit sharing plans are not exempt property of the estate.