**In re Russell Hugh SMITH, et al., Debtors.**

**Harvey S. MORRISON, Trustee, Plaintiff,**

v.

**Thomas S. ROULSTON, et al., Defendants.**

**Bankruptcy No. B88–1019.
Adv. No. B88–0255.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Aug. 11, 1989.

Harvey S. Morrison, Cleveland, Ohio, for plaintiff.

Kevin T. Duffy, Baker & Hostetler, Cleveland, Ohio, for defendants T. Roulston, M. Wipper, J.R. Rukosky, and Roulston & Co., Inc.

Mary Ann Rabin, Cleveland, Ohio, for defendant/debtor.

Stephen M. Darlington, Stephen M. Bales, Ziegler, Metzger & Miller, Cleveland, Ohio, for defendant Nat. City Bank.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The Chapter 7 Trustee, Harvey S. Morrison (Trustee) seeks the turnover of funds held by Russell H. Smith's (the Debtor) employer, Roulston and Company, Inc. (the Company). More specifically, the funds in question are funds which are credited to the Debtor's employee account under the Company's Profit Sharing Plan and Trust (the Plan). Upon the Trustee's motion for partial summary judgment and the Defendants' reply brief, this matter is adjudicated upon the briefs submitted.

The Trustee asserts that the funds are estate property and are not exemptible under nonbankruptcy law. Alternatively, the Trustee seeks an emergency distribution of the funds as allowed under the Plan. In his Answer to the Complaint, the defendant Debtor denies that the funds are estate assets, but admits that the funds are fully vested, that he has achieved the required years of credited service, and that he has reached normal retirement age. The Debtor further contends that the funds are exempted from recovery by applicable nonbankruptcy law, and that the Trustee lacks standing to take possession of the funds as recoverable estate property and similarly lacks standing to request an emergency distribution from the Plan. Finally, the Debtor asserts that the Plan is a valid spendthrift trust under relevant nonbankruptcy law.

The remaining co-defendants admit that they are the Trustees, participant and administrator, respectively, of the Plan. They deny the existence of an emergency to warrant such a distribution from the Plan. They further assert that the Plan contains a nonbankruptcy law anti-alienation provision which is encompassed by and addressed in § 541(c)(2) of the Bankruptcy Code; the Trustee lacks standing to seek the Plan distribution; and the Trustee has failed to exhaust administrative remedies available under the Plan.

The principal dispositive issue is whether the Debtor's Plan funds are estate assets pursuant to § 541 of the Bankruptcy Code. In his motion for partial summary judgment, the Trustee seeks a present determination of liability, leaving the amount of recovery for a later determination.

The undisputed facts reveal that the Debtor filed his voluntary petition under Chapter 7 on March 24, 1988. As of the petition date, the Debtor was fully vested in the Company's Plan and had satisfied all Plan requirements concerning age and years of credited service. The co-defen-

dants Thomas H. Roulston, Michael A. Wipper and J. Robert Rukosky collectively are the Plan's trustee, and co-defendant Roulston and Company, Inc. is the Plan administrator under the Plan. The Plan's trustee is holding certain funds credited to the Debtor's Plan account for the Debtor's benefit.

## I.

Section 541(a) of the Bankruptcy Code defines what is property for inclusion in a debtor's estate. Therein, estate property is described, in relevant part, as being all legal or equitable interests of the debtor in property as of the commencement of the case. An interest in property may be excluded from a debtor's estate where there exists a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law. Such a restriction will be enforceable in a case under Title 11. 11 U.S.C. § 541(c)(2). Under § 541(c)(2), the property is excluded from a debtor's estate if the property is a beneficial interest of the debtor in a trust and the trust contains restrictions on transfer which would be enforceable under applicable nonbankruptcy law. Moreover, in order for the property to be excludible from a debtor's estate it must meet the classification of a spendthrift as defined under state law.[1] *In re Shuman*, 78 B.R. 254, 16 B.C.D. 755 (9th Cir. BAP 1987); *In re McCombe*, 93 B.R. 597, 599 (Bankr.S.D.Ohio 1988). Upon its enactment of § 541(c)(2), Congress sought to preserve the protections granted by some states to spendthrift trusts. *In re Goff*, 706 F.2d 574 (5th Cir.1983); *In re Gribben*, 84 B.R 494 (S.D.Ohio 1988).

The Plan's Trustees and the Debtor contend that the Plan is a valid spendthrift trust under the laws of the State of Ohio. In Ohio, it is unclear whether a spendthrift trust is enforceable against a debtor's creditors. *See, Martin v. Martin*, 54 Ohio

St.2d 101, 374 N.E.2d 1384 (1978), *but cf. Sherrow v. Brookover*, 174 Ohio St. 310, 189 N.E.2d 90 (1963); *Gribben, supra. See also*, 49 Ohio Jur.2d *Spendthrifts*, § 8. There are other provisions, however, in the instant plan which indicate that it does not meet the definition of a true spendthrift trust.

Without dispute, the subject plan is a qualified ERISA plan and constitutes what is generally known as a "Defined Contribution Plan." See, 514(a, d) 29 U.S.C.A. § 1144(a, d). It contains a standard type of anti-alienation clause peculiar to various qualified pension and profit-sharing plans. See *Plan*, Art. VIII(7). As of his petition date, the Debtor was fully vested in his employer's Plan and had met all of the Plan's requirements regarding age and years of service. The Plan's Trustees currently hold an undetermined amount of money credited to the Debtor's account under the Plan.

## II.

### The Plan

■ An examination of Roulston & Company, Inc.'s Profit Sharing Plan & Trust revealed significant findings. Therein, the normal retirement date of a Plan participant is "the latter of the participant's fiftieth birthday or the seventh anniversary of the date the participant commenced participation in the Plan." *Plan*, (21), I–8. The Debtor, Russell H. Smith, being 52 years of age at the filing of this adversary proceeding, is fully vested in the Plan since "[a] participant is fully vested in his accrued benefit upon attainment of his normal retirement date and said accrued benefit shall be nonforfeitable at such time." *Id.* Further, where a participant fails to retire from his job on his normal retirement date, he retains all rights and privileges of participation under the Plan and Trust until his actual retirement. *Id.*, VII–1.

---

1. By definition, a spendthrift trust is one that is created to provide a fund for the maintenance of a beneficiary, and at the same time to secure it against his improvidence or incapacity ... One which provides a fund for benefit of another er than settlor, secures it against beneficiary's own improvidence, and places it beyond his creditor's reach.... Black's Law Dict. 1256 (5th Ed.1979).

Secondly, all active participants in the Plan, on a given anniversary date, are entitled to share in the Company's Plan contributions, if any, which are allocated and credited as of the anniversary date. *Id.*, V–1. Additionally, an active or inactive Plan participant may, "at any time and from time to time" request a portion of his Plan account be distributed to him in an amount not exceeding ninety percent (90%) of his entitled benefit in cases of demonstrated emergency. Such distributions would be made upon application of the participant and at the Company's discretion. *Id.*, VII–5.

As for the participant's contributions to the Plan, the amount credited to his Voluntary Contribution Account "shall be distributed to him or to his beneficiary ... in such a manner and at such time as the participant or his beneficiary may direct the Company in writing." *Id.*, (6), XIV–3. Such a distribution can be made upon a participant's retirement, death or other cessation of employment. More significantly, however, "a participant *may, at any time,* file written notice with the Committee directing that *all or any part of the amount* which he has previously contributed—be distributed to him; provided, however, that a participant shall have no right to a distribution of amounts in excess of that which is then credited to his Voluntary Contribution Account." (Emphasis added). Once the Company receives such notice it is obligated to distribute the prescribed amount to the participant within ninety days. *Id.*, (7), XIV–3. Equally remarkable is the fact that a participant's interest in his Voluntary Contribution Account shall, at all times, be fully vested and shall be in addition to any amounts contributed by the Company. *Id.*, (8), XIV–3.

Under the Plan's "Miscellaneous Provisions" *Id.*, XIII–1, the Plan is to be construed in accordance with laws of the State of Ohio, and all provisions of the Plan are to be administered pursuant to such laws.

Clearly, the aforementioned Plan provisions render the Plan as something other than a spendthrift trust, which allows it to be included in the Debtor's estate. By reason of his age, the Debtor is fully vested in the Plan and otherwise has access to his Plan funds either upon an emergency request basis or upon unfettered access to those Plan amounts voluntarily contributed by him. On either basis, his access to the funds removes his Plan account from the traditional characteristics of a spendthrift trust causing it to be includible in the Debtor's estate. The exception allowed under § 541(c)(2) of the Bankruptcy Code is not applicable to this particular situation. *See In re Cook,* 43 B.R. 996 (Bankr.N.D.Ind. 1984); *In re Hotchkiss,* 75 B.R. 115 (Bankr. N.D.Ohio 1987).

### III.

■ Having found that debtor's profit-sharing plan is property of the estate under § 541 and is not excludible as a spendthrift trust under § 541(c)(2), the Court is next required to consider whether the property may be exempted from the debtor's estate under applicable statutory exemptions. Exemptions are addressed under § 522 of the Bankruptcy Code. The State of Ohio, however, is one of the several states which elected to opt-out of the federal exemption provisions of § 522. Rather, applicable Ohio exemptions are set forth under § 2329.66, Ohio Rev.Code.Ann. An examination of that section clearly indicates that profit sharing plans are not an allowable exemption:

(A) Every person who is domiciled in this State may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

(10)(b) except as provided in § 3113.21 of the Revised Code, the person's right to receive a payment under any pension, annuity or similar plan or contract, not including a payment from a stock bonus or profit-sharing plan ... on account of illness, disability, death, age or length of service to the extent reasonably necessary for the support of the person and any of his dependents. Ohio Rev.Code Ann. § 2329.66(A)(10)(b).

At bar, the Debtor's Schedules are silent to indicate where he has sought an exemption of his interest in his employer's profit-sharing plan. As indicated above, his plan would not be an allowable exemption under Ohio law had he sought to claim such an exemption. In fact, the Debtor's Schedules fail to mention the Plan's existence.

### CONCLUSION

Accordingly, the subject assets are estate property and the Trustee's motion for partial summary judgment is hereby granted. Defendant Roulston and Co., Inc. is to turn over to Trustee/Plaintiff the funds in Debtor/Defendant's profit-sharing plan and trust held on March 24, 1988, the date of the filing of Debtor/Defendant's voluntary petition.

IT IS SO ORDERED.