**In re Ernest E. SCHREIER, III d/b/a Smith Braided Products, Debtor.**

**Barry C. PINKUS, Trustee, Plaintiff,**

v.

**UNION TRUST CO., Defendant.**

Bankruptcy No. 5–88–00161.
Adv. No. 5–89–0063.

United States Bankruptcy Court,
D. Connecticut.

Feb. 27, 1990.

Frank Sacramone, Hamden, Conn., for Barry C. Pinkus, Chapter 7 trustee.

Mark J. Rosen, Goldman, Rosen & Willinger, P.C., Bridgeport, Conn., for Union Trust Co.

MEMORANDUM AND DECISION ON COMPLAINT TO AVOID LIEN UNDER CODE § 544(a)(3)

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiff trustee in this chapter 7 core proceeding seeks to avoid, under Code

---

**9.** Cf. *In re Vermont Toy Works,* at 291, 292.

§ 544(a)(3), a mortgage held by the defendant Union Trust Co.

## BACKGROUND

On February 25, 1989, the debtor filed a petition under chapter 7 of the Bankruptcy Code. The debtor's Schedule B–1 listed real property located at 445–453 Maplewood Avenue, Bridgeport, Connecticut (the "property") with a value of $500,000.00 and encumbrances of $311,147.02. The debtor's Schedule A–2 listed the defendant, Union Trust Co. ("UTC"), as a secured creditor with a claim in the amount of $236,147.02. On May 2, 1988, UTC filed a proof of claim for $230,000.00 in principal and $13,911.84 in interest secured by a first mortgage on the property (the "mortgage"). The mortgage was dated and recorded in the Bridgeport Land Records on December 22, 1986 and provides in relevant part:

> **To have and to hold** the above granted and bargained premises, with the privileges and appurtenances thereof, unto the said Grantee, its successors and assigns forever, to its and their own proper use and behoof. And also the said Grantor does for himself, his heirs, executors, administrators, successors and assigns, covenant with the said Grantee, its successors and assigns, that at and until the ensealing of these presents he is well seized of the premises as a good indefeasible estate in fee simple, and has good right to bargain and sell the same in manner and form as is above written, and that the same is free of all incumbrances whatsoever, except any above mentioned.

> **and furthermore,** the said Grantor does by these presents bind himself and his heirs, executors, administrators, successors and assigns forever, to WARRANT AND DEFEND the above granted and bargained premises to the said Grantee, its successors and assigns, against all claims and demands whatsoever, except any above mentioned.

> **The condition of this deed is such,** that whereas the said Grantor is justly indebted to the said Grantee in the sum of TWO HUNDRED THIRTY THOUSAND AND NO/100s ($230,000.00) DOLLARS by his promissory note for that amount of even date herewith, said sum with interest being payable as provided in said note with final maturity on demand.

> . . . .

> **Now, therefore,** if all agreements hereinabove contained shall be fully performed, and said note paid in all respects according to its tenor, then this deed shall be void, otherwise to remain in full force and effect.

*Plaintiff's Exhibit* 1. The mortgage was signed by the debtor as grantor over his typed name; the debtor's signature was witnessed by two persons who signed over their typed names; and James R. DeFonce signed as Commissioner of the Superior Court over his typed name. *Id.* No grantee was named. The property is described on an attached "Exhibit A".

The plaintiff filed a complaint on March 27, 1989 and the instant amended complaint on April 19, 1989, seeking a judgment declaring UTC's mortgage invalid under Code § 544(a)(3).[1] The plaintiff argues that a mortgage must name both the grantor and the grantee, so that subsequent creditors can inquire about the terms of the obligation. UTC, on the other hand, argues that the mortgage complies with the common law requirement that the nature and amount of the debt be stated and, alternatively, that the mortgage meets the "safe harbor" requirements of Connecticut General Statutes § 49–31b(a).[2] As I conclude

---

1. While the complaint does not identify any statutory provision and the amended complaint identifies "11 U.S.C. 540", the plaintiff's memorandum of law identifies § 544(a)(3) as the Code provision under which he is proceeding. *Plaintiff's Memorandum of Law* at 3.

2. Connecticut General Statutes § 49–31b(a) provides:

> A mortgage deed given to secure payment of a promissory note, which furnishes information from which there can be determined the date, principal amount and maximum term of the note, shall be deemed to give sufficient notice of the nature and amount of the obligation to constitute a valid lien secur-

that its mortgage is enforceable under Connecticut common law, it is not necessary to discuss UTC's "safe harbor" argument.

## DISCUSSION

Code § 544(a) provides in part:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Under § 544(a)(3), a trustee stands in the shoes of a hypothetical bona fide purchaser, which under Connecticut law is defined as " 'one who buys property of another without notice that some third party has a right to or interest in such property, and pays a full and fair price for the same ... before he has notice of a claim or interest of such other in the property.' " *Andretta v. Fox New England Theatres, Inc.*, 113 Conn. 476, 155 A. 848, 850 (1931) (quoting *Alden v. Trubee*, 44 Conn. 455, 459 (1877)). Further, under Connecticut law, a bona fide purchaser of real property "without knowledge of existing equities take free of such equities." *Matter of Trotta*, 12 B.R. 843, 845 (Bankr.D.Conn.1981).

■ The Connecticut Supreme Court has held that "the dispositive question in examining the validity of a mortgage is whether it provides 'reasonable notice' to third parties of the obligation that is secured. The purpose of such 'reasonable notice' is to prevent parties that are not privy to the transaction from being defrauded or mis-

led." *Connecticut Nat'l Bank v. Esposito*, 210 Conn. 221, 554 A.2d 735, 738 (1989) (citations omitted). *See also Dart & Bogue Co., Inc. v. Slosberg*, 202 Conn. 566, 578, 522 A.2d 763 (1987). The mortgage need not recite all of the details of the underlying transaction, and errors and omissions do not affect the validity of the mortgage against third parties if they would not mislead a title searcher as to the true nature of the secured obligation. *Dart & Bogue Co., supra*, 202 Conn. at 578–79, 522 A.2d 763. "A creditor who wants to know all of the terms of a secured obligation may inquire of the parties themselves, or examine the note or other instrument evidencing the obligation.... The record is the starting point for inquiry, not ... the starting and ending point." *Id.* at 580, 522 A.2d 763.

The thrust of the plaintiff's argument is that the mortgage is silent as to the identity of the grantee, so that a bona fide purchaser could not discover the nature of the encumbrance. I find, however, that the nature of the encumbrance is adequately disclosed in the mortgage deed.

■ Under Connecticut common law, at a minimum, the nature and the amount of the encumbrance must be disclosed. *Esposito, supra*, 554 A.2d at 739–40; *Dart & Bogue Co., supra*, 202 Conn. at 579, 522 A.2d 763. The nature of a debt is determined by factors such as whether it is absolute or contingent, liquidated or unliquidated, or an existing liability rather than a future advance. *Dart & Bogue Co., supra*, 202 Conn. at 579, 522 A.2d 763. The amount is simply the dollar value of the obligation secured. *Id.*

Connecticut courts have invalidated mortgages which misidentified a future obligation as a debt currently due, a contingent obligation as an absolute obligation, and a promise to perform future services as a promissory note for a sum certain; failed to state the amount of the secured debt; claimed security in excess of the actual amount due; and failed to define the

ing payment of all sums owed under the terms of such note.

Section 49–31b(a) is a safe harbor provision which supplements the common law standards governing the validity of mortgages against subsequent third parties. *Dart & Bogue Co., Inc. v. Slosberg*, 202 Conn. 566, 578, 522 A.2d 763 (1987).

nature and maximum amount of future advances purportedly secured. *Id.* at 580–81, 522 A.2d 763. "In all of these cases, the omission or misstatement in the mortgage obscured the nature or amount of the secured obligation, potentially misleading subsequent lien creditors relying on the record." *Id.* at 581, 522 A.2d 763.

There is no such potentially misleading omission or misstatement in the instant case. It is apparent from the face of the instrument that it is a mortgage, securing described real property, which arose out of a demand note for the payment of a liquidated, noncontingent, and existing liability in a specific amount. Underscoring this finding is the fact that the description of the mortgage debt approved in the *Dart & Bogue* case was essentially identical to the description of the mortgage debt in the instant case.[3]

Moreover, the plaintiff's argument that the grantee's name must appear on the mortgage, so that a bona fide purchaser can inquire about the nature and amount of the encumbrance, is flawed. First, it is observed that the plaintiff provides no authority and none was found to support that assertion. But more to the point, the plaintiff has overlooked the fact that the mortgage did identify the debtor as the grantor and the person who took the debtor's acknowledgement as a Commissioner of the Superior Court, so that a subsequent bona fide purchaser could have obtained all relevant information about the mortgage from either source. *See Dart & Bogue Co., Inc.,* 202 Conn. at 580, 522 A.2d 763.

## CONCLUSION

The trustee as a hypothetical bona fide purchaser under Code § 544(a)(3) may not avoid the subject mortgage. Accordingly,

3. The mortgage in *Dart & Bogue* provided in part:

> THE CONDITION OF THIS DEED is such that whereas the Grantor is justly indebted to the Grantee in the amount of ONE MILLION FOUR HUNDRED FIFTY THOUSAND DOLLARS ($1,450,000.00) by virtue of its promissory note of even date with this instrument,

IT IS ORDERED that judgment enter in favor of the defendant.

by which note, for value received, the Grantor promises to pay to the order of the Grantee said sum with interest at the rate of ten (10) percent per annum from the date of said note, payable upon the unpaid principal balance until fully paid.

*Dart & Bogue Co., supra,* 202 Conn. at 570 n. 5, 522 A.2d 763.