In re Sol TERKELTAUB, Debtor.

**Joseph MALONEY, Trustee, Plaintiff,**

**v.**

**AMERICAN NATIONAL BANK, Defendant.**

Bankruptcy No. 5–89–00220.
Adv. No. 5–90–0018.

United States Bankruptcy Court, D. Connecticut.

Aug. 3, 1990.

David M.S. Shaiken, Reid and Riege, P.C., Hartford, Conn., for plaintiff.

Kevin L. Burns, Owens, Schine, Nicola & Donahue, Bridgeport, Conn., for defendant.

MEMORANDUM AND DECISION ON COMPLAINT TO AVOID MORTGAGES UNDER CODE § 544(a)(1)

ALAN H.W. SHIFF, Bankruptcy Judge.

I.

The parties have stipulated to the following facts. On January 13, 1988, the debtor and Carole Lynn Terkeltaub purchased real estate located at 12 Beachside Common, Westport, Connecticut, and on January 18, 1988, they gave the defendant a $500,-000.00 mortgage deed on that property (the "Prepetition Mortgage"). On January 19, 1988, the Prepetition Mortgage was recorded in the Westport land records. The Prepetition Mortgage does not contain an executed acknowledgment as required by Connecticut General Statutes § 47–5. See supra at 4. On February 24, 1989, the debtor filed a petition under chapter 11 of the Bankruptcy Code. On May 23, 1989, Colony Savings Bank, a creditor, filed a motion for the appointment of a chapter 11 trustee. See 11 U.S.C. § 1104(a). On July 10, 1989, the debtor and Carole Lynn Terkeltaub gave the defendant a second $500,-000.00 mortgage (the "Postpetition Mortgage"), which included an acknowledgment and was recorded in the Westport land records on July 19, 1989. The Postpetition Mortgage was not authorized by the court. On July 21, 1989, Colony's motion was granted, and on July 31, 1989, an order entered appointing the plaintiff as chapter 11 trustee.

On January 19, 1990, the plaintiff commenced the instant adversary proceeding, seeking to avoid both mortgages. As to the Prepetition Mortgage, he contends that he has the rights and powers of a hypothetical judgment lien creditor under Code § 544(a)(1); that the lack of an acknowledgment voided the defendant's legal interest in the property as grantee; and that any equitable interest the defendant has under Connecticut General Statutes § 47-17 is subordinate to his subsequent legal interest as a hypothetical judgment lien creditor. As to the Postpetition Mortgage, he contends that it was recorded in violation of the automatic stay. *See* 11 U.S.C. § 362(a)(4). The plaintiff further contends that the defendant's grossly inequitable conduct in causing the Postpetition Mortgage to be recorded deprives it of the right to assert its equitable interest in the property under either mortgage.

■ The defendant concedes that the lack of an acknowledgment nullified its legal rights under the Prepetition Mortgage in relation to the plaintiff, but contends that under Connecticut General Statutes § 47-17 it has an equitable interest in the property; and that the plaintiff is charged with notice of and is subordinated to that prior equitable interest.[1] The defendant admits that the Postpetition Mortgage was obtained in violation of the automatic stay.

## II.

■ Code § 544(a) provides:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that 'is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists....

*See Robinson v. Howard Bank (In re Kors, Inc.),* 819 F.2d 19, 22 (2d Cir.1987) ("Pursuant to [§ 544(a)(1)] the trustee in bankruptcy can avoid unperfected liens on property belonging to the bankruptcy estate."). In determining the trustee's rights and priorities as a hypothetical lien creditor, *i.e.* whether a security interest has been perfected against the trustee, state law is controlling. *Id.* at 22–23. *See also Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").[2]

---

1. The defendant makes two alternative arguments which are easily disposed of. First, the defendant cites *Connecticut Nat'l Bank v. Esposito,* 210 Conn. 221, 554 A.2d 735 (1989), *Dart & Bogue Co., Inc. v. Slosberg,* 202 Conn. 566, 522 A.2d 763 (1987), and this court's decision in *Pinkus v. Union Trust Co. (In re Schreier),* 111 B.R. 25 (Bankr.D.Conn.1990), and argues that the mortgage is valid despite the lack of an acknowledgment because it gives reasonable notice of the obligation secured. Those cases are inapposite. In each, there was no dispute as to whether the mortgage complied with the formal requirements imposed by the Connecticut statutes. The issues of whether a mortgage meets the formal statutory requirements and whether a mortgage which does meet the formal requirements adequately describes the obligation secured are separate and distinct.

Second, the defendant claims that the Prepetition Mortgage was cured by Section 3(a)(1) of Special Act 89–6 (the "Validating Act"), which provides that no mortgage or deed shall be deemed invalid because it was not acknowledged. However, Section 9 of the Validating Act provides that it is not applicable "if any action, suit or proceeding has been commenced ... on or before the effective date of this act." The effective date of the Validating Act was April 5, 1989, and as noted the petition was filed on February 24, 1989. I conclude that the commencement of the bankruptcy case constitutes the commencement of a proceeding within the meaning of Section 9.

2. I note that the phrase "without regard to any knowledge of the trustee" in § 544(a) refers to any personal knowledge the trustee may have. *E.g., Bezanson v. Laconia Sav. Bank (In re Bertholet Enter., Inc.),* 88 B.R. 9, 11 (Bankr.D.N.H. 1987). It is necessary to look at state law to determine whether constructive notice will im-

■ Connecticut General Statutes § 47-5(a)(3) mandates that "[a]ll conveyances of land *shall be* ... acknowledged by the grantor, his attorney or such duly authorized person to be his free act and deed...." (Emphasis added). Thus, the lack of an acknowledgment eliminated the defendant's legal interest in the property, *see Bowne v. Ide*, 109 Conn. 307, 312-14, 147 A. 4 (1929); *Dart & Bogue Co., Inc. v. Slosberg*, 202 Conn. 566, 573-75, 522 A.2d 763 (1987), but did not invalidate the mortgage for all purposes. Under Connecticut General Statutes § 47-17, "[a]n unacknowledged deed ... may be recorded in the records of the town in which the land is situated; and such record shall be notice to all the world of the equitable interest thus created." Thus, the recording of the Prepetition Mortgage gave the defendant an equitable interest in the property, and the plaintiff is charged with notice of that interest. But, contrary to the defendant's argument, that notice is of no significance here because under Connecticut law a defective mortgage is invalid against a subsequent lien creditor, even if that creditor has notice of that mortgage. *See Andrews v. Connecticut Properties, Inc.*, 137 Conn. 170, 172-73, 75 A.2d 402 (1950) ("The fact that [the subsequent attaching creditor] had notice of the state of the title was immaterial...."); *Ives v. Stone*, 51 Conn. 446, 458 (Conn.1883) ("When the question arises between two creditors as to the validity of a mortgage the matter of notice is not material."). *See also In re Minton Group, Inc.*, 27 B.R. 385, 391 (Bankr.S.D. N.Y.1983) (discussing New Jersey law), *aff'd*, 46 B.R. 222 (S.D.N.Y.1985).[3] I therefore conclude that the Prepetition Mortgage is avoidable by the plaintiff.

■ The Postpetition Mortgage is void. Code § 362(a) provides:

> [A] petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities, of—
>
> ....
>
> (4) any act to create, perfect, or enforce any lien against property of the estate....

The creation and recording of the Postpetition Mortgage violated that provision. Actions taken in violation of the automatic stay are void. *48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.)*, 835 F.2d 427, 431 (2d Cir.1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988).

### III.

For the foregoing reasons, with respect to the plaintiff's successor interest in the property, IT IS ORDERED that judgment

---

pair the trustee's avoiding powers as a hypothetical lien creditor. *Id.*

**3.** It is emphasized that the principal thrust of the plaintiff's argument arises under Code § 544(a)(1), not (a)(3). *See Plaintiff's Brief* at 3-4. The former subsection relates to a trustee's status as a hypothetical lien creditor, the latter to the trustee's status as a bona fide purchaser.

The defendant suggests that there is no distinction between a bona fide purchaser's rights and those of a lien creditor and cites several early Connecticut cases in support of his argument that a defective mortgage deed is enforceable against both bona fide purchasers and attaching creditors who have notice of that mortgage. *E.g., Chamberlain v. Thompson*, 10 Conn. 243 (Conn.1834); *Watson v. Wells*, 5 Conn. 468 (Conn.1825). Assuming that those cases support the defendant's position, and it appears that only the *Chamberlain* case might, the holding in *Ives v. Stone, supra*, 51 Conn. at 458, which followed all of the cases relied upon by the defendant, clearly blunts the force of the defendant's argument. In *Ives* the Court distinguished between bona fide purchasers, who may not have notice, and attaching creditors, for whom notice is irrelevant. Bankruptcy courts have recognized the distinction. *E.g., In re Minton Group, supra*, 27 B.R. at 391 ("Constructive notice does not preclude one from becoming a judicial lien creditor or an unsatisfied execution creditor as it does in the case of a bona fide purchaser, where such notice affects the purchaser's bona fide status.").

enter avoiding the Prepetition Mortgage and declaring the Postpetition Mortgage void.[4]

---

**4.** "Ordinarily, the trustee is merely a successor in interest to the debtor and therefore he should take no greater interest in the property than held by the debtor." *Pitrat v. Morris (In re Santa Fe Adobe, Inc.)*, 34 B.R. 774, 776 (9th Cir.BAP 1983).