**In re Alden Roland CARTER and Joyce Lynn Carter, Debtors.**

**Bankruptcy No. 5–88–01172.**

United States Bankruptcy Court, D. Connecticut.

Aug. 29, 1991.

James M. Nugent, Charmoy & Nugent, Bridgeport, Conn., for debtors.

James G. Verrillo, Zeisler & Zeisler, P.C., Bridgeport, Conn., for People's Bank.

MEMORANDUM AND ORDER ON DEBTORS' AFFIRMATIVE DEFENSE IN OBJECTION TO CLAIM

ALAN H.W. SHIFF, Bankruptcy Judge.

### I.

On June 4, 1985, Carterhouse, Inc., d/b/a All American Moving and Storage, gave People's Bank five promissory notes which aggregated $289,000.00. The Bank claims that on that date the debtors also gave it personal guarantees on the notes, which were later secured by a July 11, 1986 mortgage on three pieces of property in Meriden, Connecticut. Carterhouse subsequently defaulted on the notes, and on August 31, 1987, the Bank commenced a state court foreclosure action. A default judgment was entered in that action against the debtor Joyce Carter because she failed to file a responsive pleading. On September 23, 1988, the debtor Alden Carter filed an "Answer and Special Defense", claiming that he had not guaranteed three of the notes (Nos. 2166, 2665, and 2981), which aggregated $124,000.00. On November 4,

1988, the Bank filed a motion to strike the Special Defense.

On November 28, 1988, the debtors filed a petition under chapter 13 of the Bankruptcy Code. On December 1, 1988, the State Court granted the Bank's motion to strike because Alden Carter failed to timely file a memorandum of law as required by Connecticut Practice Book § 155.[1] The chapter 13 trustee subsequently filed a claims register which included a $234,000.00 Bank claim, and on July 26, 1989, the debtors objected to that claim, arguing that they had not guaranteed Notes 2166, 2665, and 2981. On September 7, 1989, the Bank filed a "Motion in Opposition to the Debtors' Objection" to its claim, and on October 25, 1989, the debtors filed an "Answer and Affirmative Defense" to the Bank's motion, alleging that they had not personally guaranteed Notes 2166, 2665, and 2981. In response, the Bank contends that the debtors are collaterally estopped from raising their affirmative defense, and that argument is at the center of this controversy.

The debtors appear to concede that Joyce Carter is collaterally estopped as a result of the State Court default judgment, but argue that Alden Carter is not collaterally estopped because the granting of a motion to strike does not constitute a final judgment.[2] The debtors also contend that the State Court's postpetition order is null and void. The Bank challenges that conclusion, arguing that the stay only prevented actions by the parties, not the State Court. I need not address the finality of the State Court's postpetition order as I agree with the debtors that it is null and void under § 362(a).

## II.

Code § 362(a) provides in part:

[A] petition filed under section 301 ... of this title ... operates as a stay, *applicable to all entities*, of -

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....

(Emphasis added). An "entity" is defined in § 101(15) to include a "governmental unit". Code § 101(27) defines "governmental unit" to include "department ... of ... a State ...." The Connecticut Superior Court is a unit of the judicial department of the State of Connecticut, *see* Conn.Gen. Stat. § 51–1a ("The judicial department of the state shall consist of the supreme court, the appellate court, the superior court, the courts of probate, the office of the chief court administrator, the commission on office legal publications, and ... the public defender services commission."), so that the automatic stay was applicable to the State Court's postpetition order.

The Bank's argument that the automatic stay does not prohibit a court from entering an order postpetition has been rejected by the Second Circuit Court of Appeals. In *Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir.1986), the appel-

---

1. Connecticut Practice Book § 155 provides in part:

   If an adverse party objects to [a motion to strike] he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with § 120 a memorandum of law. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion.

   The Connecticut Supreme Court has held that the "memorandum *must* be filed, or the motion to strike *shall* be granted." *Hughes v. Bemer,*

200 Conn. 400, 402–03, 510 A.2d 992 (1986) (emphasis in original).

2. "Collateral estoppel bars 'the relitigation of an issue of law or fact that was raised, litigated, and actually decided by a judgment in a prior proceeding between the parties, if the determination of that issue was essential to the judgment, regardless of whether or not the two proceedings are based on the same claim.'" *Regnery–Gateway, Inc. v. Key Book Serv., Inc. (In re Key Book Serv., Inc.)*, 114 B.R. 344, 348 (Bankr.D.Conn.1990) (quoting *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983)).

**6**

lants filed bankruptcy petitions after oral argument to the Court of Appeals but before that court entered a decision. Despite the agreement of the parties that the court could rule, the Second Circuit held that § 362(a)(1) stayed the issuance of an opinion. *See also Pope v. Manville Forest Products Corp.*, 778 F.2d 238, 239 (5th Cir.1985) ("[T]he entry of an order of dismissal ... constitutes a judicial act toward the disposition of the case and hence may be construed as a 'continuation' of a judicial proceeding.").

I accordingly conclude that the automatic stay was applicable to the entry of the State Court's postpetition order and that that order is therefore null and void. *48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.)*, 835 F.2d 427, 431 (2d Cir.1987), *cert. denied*, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); *Maloney v. American Nat'l Bank (In re Terkeltaub)*, 117 B.R. 47, 50 (Bankr.D.Conn.1990).

### III.

For the foregoing reasons, I conclude that Alden Carter is not collaterally estopped from raising the subject affirmative defense, and IT IS SO ORDERED.