### In re Paul BLESSO and Sheri Lynn Blesso, Debtors.

### No. 04–21870.

United States Bankruptcy Court, D. Connecticut.

Nov. 7, 2005.

John J. O'Neil, Jr., Esq., Hartford, CT, Chapter 7 Trustee.

### RULING DENYING TRUSTEE'S MOTION TO COMPROMISE CLAIM

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Before the court is the motion ("the motion") of John J. O'Neil, Jr., Esq. ("the trustee"), the trustee in the Chapter 7 joint case of Paul Blesso ("Paul") and Sheri Lynn Blesso ("Sheri") (together, "the debtors") to approve a settlement

between the trustee and Ameriquest Mortgage Company ("Ameriquest"). The following background is based upon representations made by the trustee in the motion and at the motion hearing, and the case file.

## II.

### BACKGROUND

The debtors, on June 18, 2004, filed a joint Chapter 7 bankruptcy petition. In their bankruptcy schedules, they listed a parcel of real property located at 22 Bass Lake Road in Hebron, Connecticut ("the property"), valued at $180,000, as owned by Paul and subject to a first mortgage in the amount of $158,900.31 held by Ameriquest. During the pendency of the debtors' case, the court, on August 31, 2004, granted Ameriquest's uncontested motion to modify the automatic stay to allow it to pursue a foreclosure action on the property in state court. The debtors, on February 8, 2005, received a discharge and their case was closed on February 22, 2005.

The motion states that, after Ameriquest received a foreclosure judgment, Ameriquest discovered that Sheri, not Paul, held title to the property at the time of the execution of the mortgage. (Mot. ¶ 5.) Paul was the sole maker of the note and mortgage. (Mot.¶ 6.) The court, on June 7, 2005, granted the trustee's request to reopen the case and to reappoint him as trustee to administer Sheri's interest in the property.

Following "negotiations to determine the extent and validity of their respective interests in the property," and "[a]fter extensive review of applicable law," the trustee and Ameriquest agreed, subject to court approval, that in return for a $10,000 payment from Ameriquest, the trustee

would release the estate's claim to the property. (Mot. ¶ 9 and ¶ 10.)[1] The trustee, on September 20, 2005, filed the motion, and the court, on October 20, 2005, held a hearing at which only the trustee appeared.

## III.

### DISCUSSION

#### A.

Fed. R. Bank. P. 9019(a), in pertinent part provides: *"Compromise.* On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. . . ."

■ "In undertaking an examination of the settlement, . . . this responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Company,* 699 F.2d 599, 608 (2d Cir.1983) (citation and internal quotation marks omitted).

#### B.

■ The validity of the mortgage executed by Paul is a question to be determined in accordance with Connecticut law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law. . . . The justifications for the application of state law are not limited to ownership interests; they apply with equal force to security interests.").

■ The trustee, at the hearing, stated that he considered $10,000 sufficient to compensate the estate for releasing its claim to the property. He advised the

---

1. The debtor's schedules of priority and unsecured creditors total $75,025.09, without distinguishing between Paul and Sheri as the obligor.

court that, despite the apparent invalidity of the mortgage, Ameriquest claimed that, under Connecticut case law, it held an equitable lien on the property, citing *Rosenblit v. Williams*, 57 Conn.App. 788, 750 A.2d 1131 (2000) (applying the doctrine of equitable subordination in determining the relative priorities of two holders of valid mortgages). The court finds *Rosenblit* not relevant to the issue in the present proceeding—the validity of a mortgage given by one who is not the owner of the property. *See, e.g. Connecticut National Bank v. Lorenzato*, 221 Conn. 77, 82, 602 A.2d 959 (1992) ("[A] mortgage deed that is imperfectly executed.... is a nullity.").

Bankruptcy Code § 544(a) provides:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

. . .

(3) a bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

After presenting Ameriquest's argument for imposition of an equitable lien on the property, the trustee did not address the significance of the trustee's status as a bona fide purchaser and as a judicial lien creditor. *See, e.g. Maloney v. American National Bank (In re Terkeltaub)*, 117 B.R. 47 (Bankr.D.Conn.1990) (trustee, as judicial lien creditor, could avoid mortgage not properly executed); *Cf. Pope v. Interbay Funding, LLC (In re Carnes)*, 331 B.R. 229 (Bankr.W.D.Pa.2005) (holding, under Pennsylvania law, that trustee, as bona fide purchaser, could avoid mortgage on property held as tenants by entireties signed only by husband). As the court understands the factual background, the court believes the trustee should investigate further the significance of the trustee's status under § 544(a).

IV.

## CONCLUSION

In accordance with the foregoing discussion, on the basis of the facts and arguments presented, the court concludes that the proposed compromise falls below the range of a reasonable settlement. The trustee's motion, accordingly, to approve the compromise is denied. It is

SO ORDERED.